# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS CAULTON ALLEN | DEFENDANTS R. JAMES NICHOLSON SECRETARY DEPT. OF VETERAN AFFAIRS |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) Pro Se | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___ (IN U.S. PLAINTIFF CASES ONLY) |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 6200 JOE KLUTSCH DRIVE FORT WASHINGTON MD 20744 | Case: 1:07-cv-00741 Assigned To : Lamberth, Royce C. Assign. Date : 04/19/2007 Description: ALLEN v. R. JAMES NICHOLSON |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☐   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES  ☒ NO  If yes, please complete related case form.

DATE 04/19/07   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

FILED
APR 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Caulton D. Allen )
6300 JOE KLUTSCH DR. Plaintiff, )
FORT WASHINGTON, MD. )
20744 )
v. ) Case: 1:07-cv-00741
 ) Assigned To : Lamberth, Royce C.
 ) Assign. Date : 04/19/2007
 ) Description: ALLEN v. R. JAMES NICHOLSON
R. James Nicholson )
Secretary, ) Jury Trial Requested
Department of Veterans Affairs )
    Defendant. )
_____)

JURY ACTION

### Complaint

Now Comes the Plaintiff, Caulton Allen, complaining of the Defendant, R. James Nicholson, and files this, his Original Complaint and Jury Demand, and for cause of action would respectfully show unto the Honorable Court the following:

**INTRODUCTION**
1. This is a civil rights action for monetary damages. Plaintiff has been denied rights guaranteed to him by federal law. Because of the acts and omissions of the Defendant as alleged herein, Plaintiff was constructively discharged (terminated) without proper due process.

**JURISDICTION**
2. Jurisdiction over this action exists by instructions in the U.S. Equal Employment Commission (EEOC) decision dated March 15, 2007. A copy of this decision is attached and identified as **Exhibit A** for your review.

**VENUE**
3. Defendant is situated in the District of Columbia and the Plaintiffs claims arose within the judicial district of this court.

**PLAINTIFF**
4. Plaintiff Caulton Allen is a citizen of the United States and is over the age of eighteen (18) years. Plaintiff is a resident of Fort, Washington, Maryland. At all relevant times herein, Plaintiff was employed by the Secretary of the Department of Veterans Affairs.

1

**DEFENDANT**
5. Defendant is the Secretary for the Department of Veterans Affairs under the laws of the United States of America. At all times material hereto, Plaintiff was an "employee" and Defendant was his "employer" as those terms defined by Title VII. During all times material hereto the Defendant has employed more than 16 workers.

**STATEMENT OF FACTS**
6. Plaintiff was employed by the Secretary of the Department of Veteran Affairs (Agency) as an EEO Investigator from February 22, 2000 until April 20, 2003.
7. On March 11, 2003 the Plaintiff requested a thirty (30) day leave of absence via e-mail (**Exhibit B**).

8. Plaintiff submitted an e-mail dated March 11, 2003 that he agreed to resign effective on April 22, 2003 (**Refer to Exhibit B**).

9. On April 21, 2003, the Plaintiff contacted his supervisor Agency Office of Resolution Management (ORM) EEO Regional Officer Peggy Joyner via e-mail and requested an extension of the leave of absence (**Exhibit C**).

10. Plaintiff's request for an extension of his leave of absence was wrongfully denied by Ms. Joyner via e-mail on April 21, 2003 without just cause (**Refer to Exhibit C**).

11. Effective April 20, 2003, the plaintiff was (1) wrongfully terminated when Ms. Joyner wrongfully denied his request for an extension of his leave of absence on April 21, 2003 and (2) indicated that she had already processed him out through issuance of his SF-52 on April 20, 2003. (**Refer to Exhibit C**).

12. The EEOC issued a decision dated March 15, 2007 indicating that the Plaintiff had a right to file a civil complaint in federal district court (**Refer to Exhibit A**)

13. This complaint is timely filed in accordance with the instructions contained within the decision of the EEOC dated March 15, 2007 (**Refer to Exhibit A**).

**DAMAGES**
1. Plaintiff is seeking retroactive back pay with interest from the date of wrongful termination on April 20, 2003 thru February 10, 2004 including all benefits and step increases.

2. Compensatory damages

3. Consequential damages

Respectfully,

_Caulton D. Allen_
Pro Se
6220 Joe Klutsch Drive
Fort Washington, Maryland 20744
(202) 359-1759

# Exhibit A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Caulton D. Allen,
Petitioner,

v.

R. James Nicholson,
Secretary,
Department of Veterans Affairs,
Agency.

Petition No. 0320070047

MSPB No. DC0752060568I1

DENIAL OF CONSIDERATION

Petitioner filed a petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning his claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq*.

Petitioner, an Equal Opportunity Investigator, alleged that his resignation from the agency in April 2003 was involuntary and, when the agency refused to reinstate him, filed an EEO complaint alleging discrimination on the basis of sex. Petitioner claimed he was forced to resign and that his supervisor refused to allow him to return to work after he resigned. Thereafter the agency and petitioner entered into a settlement agreement on February 4, 2004 whereby petitioner was reinstated, but did not receive back pay or other benefits for the time he was not at work.

On May 23, 2006, petitioner filed an appeal with the MSPB alleging that his resignation was involuntary and asking the Board to invalidate the settlement agreement. In its decision, the MSPB Administrative Judge (AJ) found that petitioner did not establish any agency deception or misrepresentation with respect to the negotiation of the terms of the settlement agreement. The AJ found that petitioner signed the settlement agreement and agreed to its terms. The AJ found that because the settlement agreement was valid, petitioner was precluded from pursuing the issues raised in his discrimination claim and the Board lacked jurisdiction over the

involuntary resignation matter. Thus, the appeal was dismissed.[1] Petitioner then sought review by the full Board, but his petition was denied. Petitioner then filed the instant petition with the Commission, without substantive comment.

When the MSPB has denied jurisdiction in such matters, the Commission has held that there is little point in continuing to view the matter as a "mixed case" as defined by 29 C.F.R. § 1614.302(a). Thus, the case will be considered a "non-mixed" matter. *See generally Schmitt v. Dept. of Transportation,* EEOC Appeal No. 01902126 (July 9, 1990). Petitioner is advised that if he wishes to pursue a claim a breach of the settlement agreement he should do so with the agency as set forth in the settlement agreement. To the extent he is raising a new claim of reprisal he should contact an EEO counselor if he wishes to pursue that matter.

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, **within thirty (30) calendar days** of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your

---

[1] Petitioner also alleged that he had been retaliated against because of the settlement agreement and that there were processing errors regarding his EEO complaint and the settlement agreement.

time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

_____
Carlton M. Hadden, Director
Office of Federal Operations

MAR 1 5 2007
_____
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Caulton D. Allen
6220 Joe Klutsch Dr
Ft Washington, MD  20744

James S. Jones, Deputy Assistant Secretary, Resolution Management
Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC  20420

Merit Systems Protection Board
Director, EEO
1615 M St., NW
Washington, DC  20419

MAR 1 5 2007
_____
Date

_____
Equal Opportunity Assistant

# Exhibit B

**Allen, Caulton (ORM)**

| | |
|---|---|
| **From:** | Allen, Caulton (ORM) |
| **Sent:** | Tuesday, March 11, 2003 4:24 PM |
| **To:** | Joyner, Peggy (ORM) |
| **Subject:** | Leave of Absence/Resignation |

To: Peggy Joyner, Regional EEO Officer
From: Caulton D. Allen, EEO Investigator
Date: March 11, 2003
Subject: Leave of Absence/Resignation

I am requesting permission to take a leave of absence from March 21, 2003 to April 21, 2003 for personal reasons. At the end of the requested leave of absence, I am resigning from my position as an EEO Investigator, effective April 22, 2003.

1

# Exhibit C

April 18, 2003

Ms. Peggy Joyner
Regional EEO Officer
Office of Resolution Management
Washington DC Field Office (08D)
810 Vermont Avenue
Washington DC, 20421

Dear Peggy:

I am requesting an extension of my leave of absence that expires on April 21, 2003 for another thirty days.

Sincerely,


Caulton D. Allen

Subj: **RE: (no subject)**
Date: 4/21/2003 9:47:28 AM Eastern Daylight Time
From: Peggy.Joyner@orm.va.gov
To: CaultonAllen@aol.com
*Sent from the Internet (Details)*

No, I am willing to extend you for another 30 days. I did a 52 and sent it to the HRC which is being processed as a effective of yesterday. Also, my positions to fill for investigators have been approved. I am in the process of recruiting for these positions and cannot hold up a FTE.

-----Original Message-----
From: CaultonAllen@aol.com [mailto:CaultonAllen@aol.com]
Sent: Monday, April 21, 2003 8:28 AM
To: Peggy.Joyner@mail.va.gov; Joyner, Peggy (ORM)
Subject: (no subject)

Monday, April 21, 2003 America Online: Caulton Allen

## CERTIFICATE OF SERVICE

**I hereby certify that a copy of the Plaintiff's Complaint was sent on April 19, 2007 to the following:**

Agency
Office of General Counsel (024)
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington DC, 20420
Via certified mail

U. S. Federal District Court
Washington, DC
Hand Carried