IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAULTON D. ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0741 (RCL) |
| | ) |
| JAMES R. NICHOLSON, | ) |
| Secretary, Department of | ) |
| Veterans Affairs, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant, by and through counsel, hereby moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the Complaint in this action. Because plaintiff has settled the claims he asserts in his complaint, dismissal is appropriate. The Court is respectfully referred to the accompanying memorandum of points and authorities in support of this motion.

Plaintiff should take notice that any factual assertions contained in the accompanying attachment in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992); see also Local Rule 7(h)[1] and Fed. R. Civ. P. 56(e). Fed. R. Civ. P. 56(e)

---

[1] Requiring that oppositions to motions for summary judgment "shall" be accompanied by a "separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied

provides that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

\_\_\_/s/_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


\_\_\_/s/_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


\_\_\_/s/_____
MICHELLE N. JOHNSON, DC Bar #491910
Assistant United States Attorney

---

on to support the statement." LCvR 7(h).

```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

CAULTON D. ALLEN,                  )
                                   )
        Plaintiff,                 )
                                   )
     v.                            )Civil Action No. 07-0741 (RCL)
                                   )
JAMES R. NICHOLSON,                )
Secretary, Department of           )
Veterans Affairs,                  )
                                   )
        Defendant.                 )
                                   )
```

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, James R. Nicholson, hereby moves for dismissal of the complaint in this action. Plaintiff has entered into a settlement agreement with the agency regarding the claims he asserts in his complaint, and therefore this action is now moot.

### I. BACKGROUND

On April 19, 2007, plaintiff filed a pro se complaint in this Court in which he alleged that he had suffered discrimination pursuant to Title VII of the Civil Rights Act of 1964. Complaint ("Compl."). Specifically, plaintiff, an EEO investigator with the Department of Veteran Affairs, contended that he had submitted an email indicating that he was agreeing to resign from his employment effective April 22, 2003. Compl. ¶ 8. Plaintiff contends that he contacted his employer on April 21, 2003, and requested an extension of his leave of absence, in effect delaying the date of his voluntary resignation. Id. ¶ 9. Plaintiff alleges that his supervisor denied his request for an

extension of his leave of absence and indicated that she had already processed plaintiff's resignation by issuance of a SF-52 on April 20, 2003.  Id. ¶ 11.  Plaintiff contended that he was wrongfully terminated and sought retroactive backpay with interest, as well as compensatory and "consequential" damages. Id. at 2-3.

To resolve several administrative complaints and his current district court action, plaintiff accepted a settlement package in which he received, inter alia, payment of his attorney fees, cancellation of his removal from employment and reinstatement to permit plaintiff to resign, and removal of any information pertaining to the removal action from plaintiff's Official Personnel File (OPF).  See Exhibit A, Settlement Agreement (without exhibits).  This Settlement Agreement specifically includes an agreement by plaintiff that he "hereby waives and withdraws in their entirety any and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741) claims, complaints, grievances,. . . and proceedings of whatever nature . . . against the Agency and its past and present officers . . . ."  Id.  Despite entering this agreement with the assistance of legal counsel, plaintiff to date has failed to comply with the terms of the agreement and withdraw this action.

## II.   ARGUMENT

**A.   Standard of Review**

Dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff has resolved the claims raised in his complaint and this case is now moot. See Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) ("As mootness creates a jurisdictional defect, respondents' motion will be treated as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).").

In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted).  "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).  In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment.  See Haase v. Sessions, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a

12(b)(6) motion to be converted into a motion for summary judgment").

**B. This Action Is Moot Because Plaintiff Has Resolved His Claims Against the Agency.**

Plaintiff's claims against the agency have been mooted by his execution of the Settlement Agreement. On September 7, 2007, plaintiff, represented by counsel, signed a settlement agreement in which he resolved

> any and all actions (including but not
> limited to USDC of District of Columbia
> Civil No. 1:07-CV-00741) . . . against
> the Agency . . . which are now or hereafter
> may be asserted by him . . on any action
> of any type, in any forum . . . and waives
> his right to pursue future causes of action
> against the Agency based on facts in existence
> as of the date of [plaintiff's] execution of this
> Agreement, with the exception of any claims that
> may arise by reason of alleged breach of any
> terms of this Settlement Agreement.

Ex. A, at 1. The agreement explicitly includes the pending civil action as being subject to withdrawal by plaintiff.

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Fraternal Order of Police v. Rubin, 134 F. Supp.2d 39, 41

-4-

(D.D.C. 2001).  Article III limits the federal courts to deciding "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process."  Flast v. Cohen, 392 U.S. 83, 95 (1968).  A case becomes moot when "the issues presented are not longer 'live' or the parties lack a legally cognizable interest in the outcome." Albritton v. Kantor, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979).

"The general rule . . . is that complete settlement moots an action."  Aulenback, Inc. v. Federal Highway Admin., 103 F.3d 156, 161 (D.C. Cir. 1997).  Here, plaintiff has entered into a settlement agreement that completely resolved the claims raised in his complaint.  Plaintiff has not, to date, raised any claims concerning the settlement agreement with the Court. Therefore, this Court lacks jurisdiction to consider the claims raised in plaintiff's complaint.  See id. ("Because the consent agreements entered into . . . effectively settle the controversy relating to issuance of the out-of-service orders, we conclude that the challenges to those orders are moot.").

## CONCLUSION

For all of the foregoing reasons, defendant respectfully requests that the Court dismiss this action.

-5-

```
                         Respectfully submitted,


                          /s/
                         JEFFREY A. TAYLOR, DC Bar #498610
                         United States Attorney


                          /s/
                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney


                          /s/
                         MICHELLE N. JOHNSON, DC Bar #491910
                         Assistant United States Attorney
```

-6-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss, supporting memorandum, and a proposed Order has been served via first-class mail, postage pre-paid, upon:

Mr. Caulton D. Allen
6220 Joe Klutsch Drive
Fort Washington, MD 20744

/s/
Michelle N. Johnson, DC Bar # 396739
Assistant United States Attorney

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| CAULTON D. ALLEN, | Docket No. |
| Appellant, | DC-0752-07-0694-I-1 |
| v. | Administrative Judge |
| DEPARTMENT OF VETERANS AFFAIRS, | Elizabeth B. Bogle |
| Agency. | |

## SETTLEMENT AGREEMENT

Appellant Caulton D. Allen (hereinafter "Appellant") and the Department of Veterans Affairs (hereinafter "Agency" or "VA") by and through undersigned counsel, hereby agree to the following terms and conditions.

### Obligations of the Appellant

1. By execution of this Settlement Agreement (hereinafter "Agreement"), Appellant hereby waives and withdraws in their entirety any and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741), claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever nature (hereinafter "claims") against the Agency and its past and present officers and Appellants, in their personal as well as their official capacities, which are now or hereafter may be asserted by him or on his behalf, on any action of any type, in any forum, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Complainant's execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

2. Appellant hereby voluntarily withdraws in their entirety all discrimination complaints (including, but not limited to, claims arising under the Age Discrimination in Employment Act, 29 U.S.C. ' 621 et seq. and any claims raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900; Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167),

1



      grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.

3. Appellant specifically waives any claims for attorneys fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses regarding these matters except as specifically provided herein.

4. Appellant shall immediately effect his resignation from the Agency by executing the SF-52 Request for Personnel Action Form attached hereto as Exhibit "A". The Agency's agreement to the provisions of this Agreement is made in contemplation of, and is contingent upon, Appellant's resignation, which is carried out by his signing Exhibit "A".

5. Appellant agrees, covenants, and warrants that he shall not ever seek, make application for, or accept employment or engagement as an employee or independent contractor with or for the Department of Veterans Affairs and all of its present and future divisions, departments, successors, assigns and representatives, wherever located. Appellant understands that VA shall avail itself of all legal, administrative and equitable remedies available to it in the event that Appellant violates this provision, including, but not limited to, initiating a breach of contract action, as well as proceeding with an adverse action to discharge the Appellant in the event that the Appellant violates this provision by accepting any position with VA.

6. Appellant agrees to use the attached letter, attached hereto as Exhibit "B", as agency's reference with prospective employers. If Appellant is asked to provide a contact at the Agency for reference purposes, he agrees to provide only the name and telephone number of the Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421. Appellant specifically agrees that the Agency shall not be responsible for any information provided to an employment inquiry or reference source by anyone other than the Human Resources Officer, Jeanette Anderson, or her successor(s).

### Obligations of the Agency

7. In consideration of Appellant's execution of the above obligations and within forty-five (45) days of Appellant's execution of this Agreement and Exhibit "A" hereto, the Agency will pay to Appellant's attorney, Dennis L. Friedman, Esq., the sum of two-thousand five hundred dollars ($2500.00) ("payment") in attorneys fees, subject to verification of costs. The check will be made payable to Caulton D. Allen and Dennis L. Friedman, Esq., EIN 23-2594747, and will be mailed to Appellant's attorney at the following address:

Dennis L. Friedman, Esq.
1515 Market Street, Suite 714
Philadelphia, PA 19102

8. Appellant and his attorney, Dennis L. Friedman, Esq., agree to be responsible for any and all tax consequences or liabilities for this payment, including but not limited to, federal and state income tax. The Agency makes no representation as to the taxability of this payment or as to the tax treatment this payment will receive from the Internal Revenue Service. This payment may be subject to applicable tax withholding as required by law.

9. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will immediately cancel Appellant's removal and reinstate him, effective May 26, 2007, for the purpose of facilitating Appellant's resignation. Exhibit "A" is Appellant's request to resign effective May 26, 2007, and the Agency's approval of that request.

10. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will remove any and all information related to Appellant's removal action from Appellant's Official Personnel File (OPF), change his removal to voluntary resignation, and make the following changes:

   a. SF 50-B Notification of Personnel Action, Removal, dated May 26, 2007, will be canceled and removed, and VA will substitute a form SF 50-B Notification of Personnel Action reflecting Appellant's resignation pursuant to the SF-52 Request for Personnel Action attached hereto as Exhibit "A".

   b. SF-50-B Notification of Personnel Action, Suspension, dated August 28, 2006, will be cancelled and removed.

11. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees to mail Exhibit "A" to the Human Resources Committee within fourteen (14) days for processing.

12. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees that Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421, if contacted for any employment inquiry or reference for the Appellant will provide the information contained in Exhibit "C", and will truthfully respond regarding those matters required by law. The Agency shall not be responsible for any information disseminated about the Appellant by any of its agents, employees, or representatives, other than the

      Human Resources Officer, Jeanette Anderson, or her successor(s).

13. The Agency shall provide Appellant with a copy of the employment reference attached hereto as Exhibit "B", which will be consistent with the information contained in Appellant's official personnel folder.

### Stipulations

14. The parties stipulate that:

    a. The parties have entered into this Agreement freely and voluntarily. Other than the Agreement set forth herein, no promise or threat of any kind whatsoever has been made by the Agency or by any employee thereof, or by the Appellant, to induce either party to enter into this Agreement.

    b. Neither this Agreement nor the payment of the settlement amount set forth in this Agreement constitutes an admission by any party to this Agreement of any violation of any contract, law, regulation or policy. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. Appellant expressly denies that he has done anything unlawful or improper.

    c. This Agreement only may be used as evidence by either party as outlined in the Agreement with the exception of any claims that may arise by reason of breach of any term of this Agreement.

    d. The obligations of the parties specified above constitute consideration sufficient to render this Agreement enforceable by either party.

    e. This Agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions that may be filed.

    f. This Agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written.

    g. The parties will submit this Agreement to the MSPB for inclusion in the record for purposes of enforcement and of dismissal of the Appeal.

    h. The Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

    i. Appellant and the Agency will promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this Agreement, or to effectuate any payment or record amendments to be made pursuant to this Agreement.

    j. This Agreement may not be modified except by a writing signed by all

of the parties.

15. The parties specifically acknowledge that Appellant has preserved the following rights and responsibilities through the execution of this Agreement:

   a. Appellant has thoroughly reviewed the entire Agreement and understands its provisions; and

   b. Appellant has not waived any rights or claims that may arise after the date of this Agreement is signed; and

   c. Appellant has not waived any rights or claims to benefits to which he is entitled or which may arise after the date this Agreement is signed; and

   d. Appellant has the right to consult with an attorney prior to signing the Agreement; and

   e. Appellant has a period of twenty-one (21) days to consider the Agreement; and

   f. Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

   g. Appellant's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth hereinabove.

Appellant specifically acknowledges that he has had an opportunity to fully review and consider this Agreement, and that he fully understands and agrees to all of its provisions.

Appellant _____ Date: 9/07/07

Appellant Counsel _____ Date: 9/5/07

Agency Counsel _____ Date: 8/24/07

For the Agency _____ Date: 8/30/07

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAULTON D. ALLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 07-0741 (RCL) |
| | ) |
| JAMES R. NICHOLSON, | ) |
| Secretary, Department of | ) |
| Veterans Affairs, | ) |
| | ) |
|     Defendant. | ) |

## [PROPOSED] ORDER

This matter having come before the Court on Defendant's Motion to Dismiss the Complaint, plaintiff's opposition, if any, and defendant's reply, if any, it is hereby

**ORDERED** that defendant's motion is hereby GRANTED. And it is further

**ORDERED** that the complaint is hereby dismissed.

**SO ORDERED** on this \_\_\_\_ day of _____, 2007.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE