RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

2007 NOV 14  AM 9: 58

NANCY M.
MAYER-WHITTINGTON
CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**CAULTON D. ALLEN,**                  )
                                       )
               Plaintiff,              )
                                       )
v.                                     )          **Civil Action No.: 07-0741 (RCL)**
                                       )
**JAMES R. NICHOLSON,**                )
**Secretary, Department of**           )
**Veterans Affairs,**                  )
                                       )
               Defendant.              )
                                       )
                                       )

## NOTICE OF FILING OF PLAINTIFF'S EXHIBIT FOUR (4) AND CORRECTED SERVICE

Pursuant to the Court's order dated October 24, 2007, this Plaintiff, respectfully requests that the Court accept the attached submission, Exhibit 4, initial decision of U. S. Merit System Protection Board and attached settlement agreement, which was referenced at number four (4) on page three (3) in the Plaintiff's response to the Defendant's Motion To Dismiss. The Plaintiff inadvertently failed to include Exhibit 4 in the copies of the response submitted to the Court and the Defendant on November 7, 2007 (see Exhibit 1).

The Plaintiff also respectfully requests that the Court accept for submission, the Plaintiff's corrected certificate of service upon the Defendant. The Plaintiff properly served the Defendant his response on November 7, 2007, within fourteen (14) days of the Court's order as required; however, the Plaintiff noted his service occurred via certified mail, but the actual method of service occurred via facsimile at (202) 514-8780 (see Exhibit 2).

# RECEIVED

NOV 1 4 2007

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Respectfully submitted,

CAULTON D. ALLEN
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's Notice of Filing was sent on November 13,

2007 to the following via certified mail to:


<u>Defendant Counsel</u>
Michelle N. Johnson
D.C. Bar #491910
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. Room E4212
Washington, D.C. 20530

# EXHIBIT 1

# Exhibit 4

## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## WASHINGTON REGIONAL OFFICE

CAULTON D. ALLEN,

           Appellant,

      v.

DEPARTMENT OF VETERANS
AFFAIRS,

           Agency.

DOCKET NUMBER
DC-0752-07-0694-I-1

DATE: September 6, 2007

Caulton D. Allen, Fort Washington, Maryland, pro se.

Gia Marie Chemsian, Esquire, Washington, D.C., for the agency.

## BEFORE
Elizabeth B. Bogle
Administrative Judge

## INITIAL DECISION

On June 8, 2007, the appellant filed an appeal from an agency decision to remove him from the position of Equal Opportunity Specialist, GS-0360-12. The Board has jurisdiction over the appeal. *See* 5 U.S.C. §§ 7511(a)(1)(A), 7512(1), 7513(d). For the following reasons, the appeal is DISMISSED.

On August 30, 2007, the parties reached an agreement to settle the appeal. A copy of the signed, written agreement has been entered into the Board's record. I have reviewed the agreement, and I am satisfied that it is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the agreement. Accordingly, the agreement is enforceable by the Board. *See*

*Stewart v. U.S. Postal Service,* 73 M.S.PR. 104, 107 (1997); *Mahoney v. U.S. Postal Service,* 37 M.S.P.R. 146, 149 (1988).

## DECISION

FOR THE BOARD:

_____/S/_____
Elizabeth B. Bogle
Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **October 11, 2007,** unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. You must establish the date on which you received it. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review if you believe that the settlement agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board

1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you claim that you received this decision more than five days after its issuance, you have the burden to prove to the Board the date of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit

717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## ENFORCEMENT

The settlement agreement has been made part of the record. If you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office.

Your petition for enforcement must describe specifically the reasons why you believe there is noncompliance. It must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed within a reasonable period of time after you discover the asserted noncompliance. If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

CAULTON D. ALLEN,                          :
                                           :
              Appellant,                   :     Docket No.
                                           :     DC-0752-07-0694-I-1
                                           :
        v.                                 :     Administrative Judge
                                           :     Elizabeth B. Bogle
DEPARTMENT OF VETERANS                      :
   AFFAIRS,                       :        :
                                           :
              Agency.                      :
                                           :

## SETTLEMENT AGREEMENT

Appellant Caulton D. Allen (hereinafter "Appellant") and the Department of Veterans Affairs (hereinafter "Agency" or "VA") by and through undersigned counsel, hereby agree to the following terms and conditions.

## Obligations of the Appellant

1.     By execution of this Settlement Agreement (hereinafter "Agreement"), Appellant hereby waives and withdraws in their entirety any and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741), claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever nature (hereinafter "claims") against the Agency and its past and present officers and Appellants, in their personal as well as their official capacities, which are now or hereafter may be asserted by him or on his behalf, on any action of any type, in any forum,  and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Complainant's execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

2.     Appellant hereby voluntarily withdraws in their entirety all discrimination complaints (including, but not limited to, claims arising under the Age Discrimination in Employment Act, 29 U.S.C. ' 621 et seq. and any claims raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900; Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167),

1

grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.

3.    Appellant specifically waives any claims for attorneys fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses regarding these matters except as specifically provided herein.

4.    Appellant shall immediately effect his resignation from the Agency by executing the SF-52 Request for Personnel Action Form attached hereto as Exhibit "A". The Agency's agreement to the provisions of this Agreement is made in contemplation of, and is contingent upon, Appellant's resignation, which is carried out by his signing Exhibit "A".

5.    Appellant agrees, covenants, and warrants that he shall not ever seek, make application for, or accept employment or engagement as an employee or independent contractor with or for the Department of Veterans Affairs and all of its present and future divisions, departments, successors, assigns and representatives, wherever located. Appellant understands that VA shall avail itself of all legal, administrative and equitable remedies available to it in the event that Appellant violates this provision, including, but not limited to, initiating a breach of contract action, as well as proceeding with an adverse action to discharge the Appellant in the event that the Appellant violates this provision by accepting any position with VA.

6.    Appellant agrees to use the attached letter, attached hereto as Exhibit "B", as agency's reference with prospective employers. If Appellant is asked to provide a contact at the Agency for reference purposes, he agrees to provide only the name and telephone number of the Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421. Appellant specifically agrees that the Agency shall not be responsible for any information provided to an employment inquiry or reference source by anyone other than the Human Resources Officer, Jeanette Anderson, or her successor(s).

## Obligations of the Agency

7.    In consideration of Appellant's execution of the above obligations and within forty-five (45) days of Appellant's execution of this Agreement and Exhibit "A" hereto, the Agency will pay to Appellant's attorney, Dennis L. Friedman, Esq., the sum of two-thousand five hundred dollars ($2500.00) ("payment") in attorneys fees, subject to verification of costs. The check will be made payable to Caulton D. Allen and Dennis L. Friedman, Esq., EIN 23-2594747, and will be mailed to Appellant's attorney at the following address:

2

Dennis L. Friedman, Esq.
1515 Market Street, Suite 714
Philadelphia, PA  19102

8.  Appellant and his attorney, Dennis L. Friedman, Esq., agree to be responsible
    for any and all tax consequences or liabilities for this payment, including but
    not limited to, federal and state income tax.  The Agency makes no
    representation as to the taxability of this payment or as to the tax treatment
    this payment will receive from the Internal Revenue Service. This payment
    may be subject to applicable tax withholding as required by law.

9.  Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
    of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
    Esq., the Agency will immediately cancel Appellant's removal and reinstate
    him. effective May 26, 2007, for the purpose of facilitating Appellant's
    resignation. Exhibit "A" is Appellant's request to resign effective May 26,
    2007. and the Agency's approval of that request.

10. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
    of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
    Esq., the Agency will remove any and all information related to Appellant's
    removal action from Appellant's Official Personnel File (OPF), change his
    removal to voluntary resignation, and make the following changes:

    a.  SF 50-B Notification of Personnel Action. Removal, dated May 26,
        2007, will be canceled and removed, and VA will substitute a form SF
        50-B Notification of Personnel Action reflecting Appellant's resignation
        pursuant to the SF-52 Request for Personnel Action attached hereto as
        Exhibit "A".

    b.  SF-50-B Notification of Personnel Action, Suspension, dated August
        28, 2006, will be cancelled and removed.

11. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
    of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
    Esq., the Agency agrees to mail Exhibit "A" to the Human Resources
    Committee within fourteen (14) days for processing.

12. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
    of this Agreement signed by Appellant and his attorney, Dennis L. Friedman.
    Esq., the Agency agrees that Human Resources Officer, Jeanette Anderson,
    or her successor(s), at the Office of Resolution Management, located at 1722 I
    Street NW, Washington DC 20421, if contacted for any employment inquiry or
    reference for the Appellant will provide the information contained in Exhibit
    "C", and will truthfully respond regarding those matters required by law.  The
    Agency shall not be responsible for any information disseminated about the
    Appellant by any of its agents, employees. or representatives, other than the

3

Human Resources Officer, Jeanette Anderson, or her successor(s).

13. The Agency shall provide Appellant with a copy of the employment reference attached hereto as Exhibit "B". which will be consistent with the information contained in Appellant's official personnel folder.

### Stipulations

14. The parties stipulate that:

   a. The parties have entered into this Agreement freely and voluntarily. Other than the Agreement set forth herein, no promise or threat of any kind whatsoever has been made by the Agency or by any employee thereof, or by the Appellant, to induce either party to enter into this Agreement.

   b. Neither this Agreement nor the payment of the settlement amount set forth in this Agreement constitutes an admission by any party to this Agreement of any violation of any contract, law, regulation or policy. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. Appellant expressly denies that he has done anything unlawful or improper.

   c. This Agreement only may be used as evidence by either party as outlined in the Agreement with the exception of any claims that may arise by reason of breach of any term of this Agreement.

   d. The obligations of the parties specified above constitute consideration sufficient to render this Agreement enforceable by either party.

   e. This Agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions that may be filed.

   f. This Agreement constitutes the entire understanding between the parties. and there are no other terms or commitments, verbal or written.

   g. The parties will submit this Agreement to the MSPB for inclusion in the record for purposes of enforcement and of dismissal of the Appeal.

   h. The Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

   i. Appellant and the Agency will promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this Agreement, or to effectuate any payment or record amendments to be made pursuant to this Agreement.

   j. This Agreement may not be modified except by a writing signed by all

4

of the parties.

15.  The parties specifically acknowledge that Appellant has preserved the following rights and responsibilities through the execution of this Agreement:

   a.  Appellant has thoroughly reviewed the entire Agreement and understands its provisions; and

   b.  Appellant has not waived any rights or claims that may arise after the date of this Agreement is signed; and

   c.  Appellant has not waived any rights or claims to benefits to which he is entitled or which may arise after the date this Agreement is signed; and

   d.  Appellant has the right to consult with an attorney prior to signing the Agreement; and

   e.  Appellant has a period of twenty-one (21) days to consider the Agreement; and

   f.  Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

   g.  Appellant's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth hereinabove.

Appellant specifically acknowledges that he has had an opportunity to fully review and consider this Agreement, and that he fully understands and agrees to all of its provisions.

Appellant _____   Date: 9/07/07

Appellant Counsel _____   Date: 9/5/07

Agency Counsel _____   Date: 8/24/07

For the Agency _____   Date: 8/30/07

5

**Exhibit A**

SF-52

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

**REQUEST FOR PERSONNEL ACTION**

JetForm

**PART A - Requesting Office** *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39.)*

| 1. ACTIONS REQUESTED | | 2. REQUEST NUMBER |
|---|---|---|
| Resignation | | |

| 3. FOR ADDITIONAL INFORMATION CALL *(Name and Telephone Number)* | 4. PROPOSED EFFECTIVE DATE |
|---|---|
| Jeanette Anderson (202) 501-2932 | 05-22-2007 |

| 5. ACTION REQUESTED BY *(Typed Name, Title, Signature and Date)* | 6. ACTION AUTHORIZED BY *(Typed Name, Title, Signature and Concurrence Date)* |
|---|---|
| Jeanette Anderson, Human Resources Officer | Rafael S. Cross, DAS for Resolution Management |

**PART B - For Preparation of SF 50** *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order.)*

| 1. NAME *(Last, First, Middle)* | 2. SOCIAL SECURITY NUMBER | 3. DATE OF BIRTH | 4. EFFECTIVE DATE |
|---|---|---|---|
| Allen, Caulton D. | 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 | 05-14-1963 | 05-22-2007 |

**FIRST ACTION** / **SECOND ACTION**

| 5-A CODE | 5-B. NATURE OF ACTION | 6-A CODE | 6-B NATURE OF ACTION |
|---|---|---|---|
| | Resignation | | |
| 5-C CODE | 5-D. LEGAL AUTHORITY | 6-C CODE | 6-D LEGAL AUTHORITY |
| 5-E CODE | 5-F LEGAL AUTHORITY | 6-E CODE | 6-F LEGAL AUTHORITY |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Equal Opportunity Specialist Investigator, GS-360-12/4 | |

| 8. Pay Plan | 9. Occ Code | 10. Grade/Level | 11. Step/Rate | 12. TOTAL SALARY | 13. Pay Basis | 16. Pay Plan | 17. Occ Code | 18. Grade/Level | 19. Step/Rate | 20. TOTAL SALARY/AWARD | 21. PAY BASIS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 360 | 12 | 04 | $73,445.00 | | | | | | | |

| 14. NAME AND LOCATION OF POSITION'S ORGANIZATION | 22. NAME AND LOCATION OF POSITION'S ORGANIZATION |
|---|---|
| Department of Veterans Affairs, Office of Resolution Management, Washington Field Office, 1575 I Street, NW, Washington, DC 20420 | |

**EMPLOYEE DATA**

| 23. VETERANS PREFERENCE | 24. TENURE | 25. AGENCY USE | 26. VETERANS PREFERENCE FOR RIF |
|---|---|---|---|
| 1-NONE 3-10-POINT DISABILITY 5-10 POINT OTHER / 2-5 POINT 4-10 POINT COMPENSABLE 6- | 0-NONE 2-CONDITIONAL / 1-PERMANENT 3-INDEFINITE | | YES NO |

| 27. FEGLI | 28. ANNUITANT INDICATOR | 29. PAY RATE |
|---|---|---|

| 30. RETIREMENT PLAN | 31. SERVICE COMP. DATE (LEAVE) | 32. WORK SCHEDULE | 33. PART-TIME HOURS PER BI-WEEKLY PAY PERIOD |
|---|---|---|---|
| | 07-10-1997 | F/T | |

**POSITION DATA**

| 34. POSITION OCCUPIED | 35. FLSA CATEGORY | 36. APPROPRIATION CODE | 37. BARGAINING UNIT STATUS |
|---|---|---|---|
| 1-COMPETITIVE SERVICE 3-SES GENERAL / 2-EXCEPTED SERVICE 4-SES CAREER RESERVED | E-EXEMPT N-NONEXEMPT | 1421.2000 | 8888 |

| 38. DUTY STATION CODE | 39. DUTY STATION *(City - County - State or Overseas Location)* |
|---|---|
| 705 | Washington, DC. |

| 40. AGENCY DATA | 41. NEW POSITION | 42. REGRADED POSITION | 43. VICE | 44. QUALIFICATION STANDARDS USED |
|---|---|---|---|---|

| 45. EDUCATIONAL LEVEL | 46. YR. DEGREE ATTAINED | 47. ACADEMIC DISCIPLINE | 48. FUNCTIONAL CLASS | 49. CITIZENSHIP | 50. VETNAM ERA VET | 51. SUPERVISORY STATUS |
|---|---|---|---|---|---|---|
| | | | | 1-USA 8-OTHER | V-YES N-NO | |

**PART C - Reviews and Approvals** *(Not to be used by requesting office.)*

| 1. OFFICE/FUNCTION | INITIALS/SIGNATURE | DATE | OFFICE/FUNCTION | INITIALS/SIGNATURE | DATE |
|---|---|---|---|---|---|
| A. POSITION AUTHORIZED | | | D. ENGLISH LANGUAGE PROFICIENCY | | |
| B. CLASSIFICATION | | | E. DRUG TESTING POSITION ☐ YES ☐ NO | | |
| C. PLACEMENT | | | F. | | |

2. Approval. I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

SIGNATURE | APPROVAL DATE

CONTINUED ON NEXT PAGE

EDITIONS PRIOR TO 7/91 ARE NOT USABLE AFTER 6/30/93

**PART D - Remarks by Reduction Officer**

(Note to Supervisor: Do you know of additional or conflicting reasons for the employee's resignation/retirement? If "YES," please state these facts on a separate sheet and attach to SF 52.)

☐ YES   ☐ NO

**PART E - Employee Resignation Retirement**

**PRIVACY ACT STATEMENT**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail your copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of 5, U.S. Code.  Sections 301 and 3301 authorize OPM and

agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while Section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1  REASONS FOR RESIGNATION/RETIREMENT. NOTE: Your reasons are used in current or future unemployment claims. Please be specific and avoid generalizations. Your resignation statement is voluntary.

FOR PERSONAL REASON

**PART F - Remarks for SF 50**

| Signature | Date | Forwarding Address |
|---|---|---|
| *[signature]* | 05/26/07 | 6762 JOE KLOTSCH DR. FORT WASHINGTON MD 20744 |

*U.S. GPO: 1993-720-242/00851



DEPARTMENT OF VETERANS AFFAIRS
OFFICE OF RESOLUTION MANAGEMENT
WASHINGTON DC 20420

In Reply Refer To

To Whom It May Concern:

This constitutes the Department of Veterans Affairs reference for Caulton D. Allen. Mr. Allen worked at the Department of Veterans Affairs from February 8, 2004, through May 26, 2007. He voluntarily resigned on May 26, 2007. At that time, Mr. Allen was a GS-12, Step 4, Equal Employment Opportunity Specialist in the Office of Resolution Management and his salary was $73,445. From 2004 through 2007, Mr. Allen received annual performance appraisals at the fully successful level.

Sincerely yours,

Jeanette Anderson
Human Resources Officer
Office of Resolution Management

## Exhibit C

If the Human Resources Officer, Jeanette Anderson, or her successor(s), is contacted for any employment inquiry reference for the Appellant, only the following information will be disclosed:

(1) Appellant worked at the Department of Veterans Affairs from February 8, 2004, through May 26, 2007.

(2) Appellant voluntarily resigned on May 26, 2007.

(3) At the time of his resignation, Appellant was a GS-12, Step 4, Equal Employment Opportunity Specialist in the Office of Resolution Management and his salary was $73,445.

(4) From 2004 through 2007, Mr. Allen received annual performance appraisals at the fully successful level.

If a reference or inquiring source requests additional information, beyond the information set forth in (1) – (4) above, the Human Resources Officer, Jeanette Anderson, or her successor(s) will state the following:

(A) She/he was not in a supervisory capacity over the Appellant.

(B) The only information available for reference purposes to her/him is set forth in Appellant's official personnel folder.

With the exception of anything contained herein to the contrary, the Human Resources Officer, Jeanette Anderson, or her successor(s) shall not state or suggest that she/he is limited in providing information to a reference or inquiring source.

8

# EXHIBIT 2

TRANSMISSION VERIFICATION REPORT

```
                              TIME  : 11/07/2007 17:03
                              NAME  :
                              FAX   : 3015052525
                              TEL   : 3015052525
                              SER.# : 000M5J325256
```

```
DATE,TIME              11/07  16:24
FAX NO./NAME           2025148780
DURATION               00:01:40
PAGE(S)                10
RESULT                 OK
MODE                   STANDARD
                       ECM
```