IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAULTON D. ALLEN,                    )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )Civil Action No. 07-0741 (RCL)
                                     )
JAMES R. NICHOLSON,                  )
Secretary, Department of             )
Veterans Affairs,                    )
                                     )
          Defendant.                 )
_____)

**Defendant's Reply in Further Support of His
Motion to Dismiss the Complaint**

Defendant, James R. Nicholson, Secretary, Department of Veterans Affairs, hereby files his reply in further support of his motion to dismiss the complaint.

In his motion to dismiss, defendant explained why this action is now moot because plaintiff has signed a Settlement Agreement that resolved the claims he currently asserts and explicitly obligated him to withdraw his complaint in this action. Defendant's Motion to Dismiss the Complaint ("Def.'s Mot."), Ex. A (Settlement Agreement), at 1.

Plaintiff's response in opposition to defendant's motion does nothing to prevent this Court from dismissing this action. Plaintiff does not contest that he voluntarily signed a Settlement Agreement in which he agreed to "waive and withdraw[ ]. . . ." the complaint filed in this action. Def.'s Mot., Ex. A, at 1. Rather, he contends that a subsequent Order from a United States Merit System Protection Board ("U.S. MSPB")

Administrative Judge ("AJ")

> vacated and/or voided section 15(e) and 15(f) of
> the settlement agreement by issuing a dismissal order
> with prejudice on September 6, 2007 (see Exhibit 4).
> The clear and plain language of the settlement agreement
> derives that the contractual agreement time limitation
> demanded that the Plaintiff's appeal not be dismissed
> with prejudice (see page five (5) of Defendant's Exhibit
> A.

Plaintiff's Memorandum of Points in Support of Plaintiff's Motion

to Deny Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 3.

Plaintiff's contention is without merit for several reasons:[1]

First, as seen from the AJ's September 6, 2007 order,

attached hereto as Exhibit 1, the AJ did not "vacate[ ] and/or

void[ ]" the parties' Settlement Agreement.  Rather, in the

September 6th Initial Decision, the AJ explicitly found that she

was "satisfied that [the settlement agreement] is lawful on its

face, that it was freely reached by the parties, and that the

parties understand the terms of the agreement."  Ex. 1, at 1.

Because the U.S. MSPB AJ did not invalidate or void the

Settlement Agreement that plaintiff signed, he cannot rely on the

September 6, 2007 Order as a basis for arguing that the agreement

is invalid.[2]

---

[1]Plaintiff initially failed to attach a copy of his Exhibit
4 to his opposition.  He filed the exhibit on November 14, 2007.
Docket Entry No. 12.

[2]It appears that plaintiff may be under the misapprehension
that by entering her Order approving of the Settlement Agreement
on September 6, 2007, the AJ "invalidated" section 15(e) of the
agreement, which provided plaintiff with twenty-one days to

Second, there is nothing on page five of the Settlement Agreement that "demanded that the Plaintiff's appeal not be dismissed with prejudice." Pl.'s Opp'n at 5. To the extent plaintiff's contention has any merit, the AJ's decision explicitly provides plaintiff with a mechanism by which he can contest compliance with the Settlement Agreement. Specifically, the AJ stated in her decision that "[i]f you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office." Ex. 1, at 4. Plaintiff does not indicate that he has in fact complied with this directive or why any claim regarding any alleged non-compliance with the agreement should not be presented to the AJ in the first instance, especially in light of his allegation that his appeal should not have been dismissed with prejudice.[3]

---

consider the agreement, and section 15(f), which provided plaintiff with seven days to revoke the agreement. Def.'s Mot., Ex. A, at 5. Plaintiff initially signed the Settlement Agreement on August 24, 2007. Ex. 2, Settlement Agreement. Thereafter, the parties made a minor amendment to the agreement, which was submitted to the AJ. Ex. 3, Revised Settlement Agreement. However, nothing in the AJ's order prevented plaintiff from exercising the rights contained in sections 15(e) or (f); nor does plaintiff contend that he timely sought to exercise these rights and was not permitted to do so.

[3]The wording of the initial decision does not specifically indicate that the appeal was dismissed with prejudice. Rather, it merely states that "the appeal is DISMISSED." Ex. 1, at 1. However, by virtue of signing the Settlement Agreement, plaintiff

Third, even if there was a basis upon which to doubt the validity of the 2007 Settlement Agreement, the claims that plaintiff attempts to assert in his complaint, which stem from events that occurred in 2003, were in fact resolved by a prior Settlement Agreement, entered in 2004.[4]  Ex. 4, Settlement Agreement signed February 5, 2004.  Plaintiff does not contest the validity of that settlement agreement.  That agreement effectively forecloses plaintiff from raising allegations concerning his alleged involuntary termination.[5]

Finally, even if he were to challenge the validity of the

─────────────────

was well aware that he was relinquishing his right to pursue any and all claims that were the subject of his pending administrative and district court complaints.  Def.'s Mot., Ex. A, at 1 ¶¶ 1-2.

[4]The facts leading to the 2004 agreement were as follows: on March 7, 2003, plaintiff submitted a request for a leave of absence from March 21, 2003 to April 21, 2003, at the end of which he indicated he would resign from his position as an EEO investigator.  Compl. ¶ 8; Pl.'s Opp'n, Ex. 3; Compl. Ex. A (EEOC Denial of Consideration).  Plaintiff thereafter requested a thirty-day extension of his leave of absence, thus delaying the effective date of his resignation.  Compl. ¶ 9.  His supervisor denied his request.  Id. ¶ 11; Pl.'s Opp'n, Ex. 2.  As a result of mediation concerning these claims, plaintiff was reinstated to his former position.  Ex. 4, Settlement Agreement signed February 5, 2004.  The Settlement Agreement that is the subject of defendant's motion was entered into to resolve subsequent claims that arose after the first settlement was reached.  Def.'s Mot., Ex. A.

[5]The current settlement agreement was entered into to resolve plaintiff's claims relating to his subsequent termination effective May 27 2007.  In lieu of termination, plaintiff agreed to voluntarily resign from his position.  Def.'s Mot., Ex. A, at 2 ¶ 4.

4

more recent Settlement Agreement, plaintiff has not properly asserted claims pertaining to the Settlement Agreement before this Court.  Specifically, he has not amended his complaint to assert that the agreement has been breached; the only claims which he has brought concern his allegedly involuntary resignation, a claim that was encompassed by the 2004 Settlement Agreement.  Thus, any other claims are not properly before the Court.[6]

### CONCLUSION

For all of the foregoing reasons, and those asserted in his initial motion for dismissal, defendant respectfully requests that the Court dismiss this action.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
MICHELLE N. JOHNSON, DC Bar #491910
Assistant United States Attorney

---

[6]And, as indicated in the AJ's Initial Decision, any such claims may be properly brought before the U.S. M.S.P.B.  Ex. 1, at 4.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of the foregoing Defendant's Reply in Further Support of His Motion to Dismiss and the accompanying exhibits has been served on this 16th day of November, 2007, via first-class mail, postage pre-paid, upon:


Mr. Caulton D. Allen
6220 Joe Klutsch Drive
Fort Washington, MD 20744


/s/
Michelle N. Johnson, DC Bar # 396739
Assistant United States Attorney

EXHIBIT 1

### UNITED STATES OF AMERICA
### MERIT SYSTEMS PROTECTION BOARD
### WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| CAULTON D. ALLEN, | DOCKET NUMBER |
| Appellant, | DC-0752-07-0694-I-1 |
| v. | |
| DEPARTMENT OF VETERANS | DATE: September 6, 2007 |
| AFFAIRS, | |
| Agency. | |

Caulton D. Allen, Fort Washington, Maryland, pro se.

Gia Marie Chemsian, Esquire, Washington, D.C., for the agency.

### BEFORE
Elizabeth B. Bogle
Administrative Judge

### INITIAL DECISION

On June 8, 2007, the appellant filed an appeal from an agency decision to remove him from the position of Equal Opportunity Specialist, GS-0360-12. The Board has jurisdiction over the appeal. *See* 5 U.S.C. §§ 7511(a)(1)(A), 7512(1), 7513(d). For the following reasons, the appeal is DISMISSED.

On August 30, 2007, the parties reached an agreement to settle the appeal. A copy of the signed, written agreement has been entered into the Board's record. I have reviewed the agreement, and I am satisfied that it is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the agreement. Accordingly, the agreement is enforceable by the Board. *See*

*Stewart v. U.S. Postal Service,* 73 M.S.PR. 104, 107 (1997); *Mahoney v. U.S. Postal Service,* 37 M.S.P.R. 146, 149 (1988).

## DECISION

FOR THE BOARD:                    _____/S/_____
                                 Elizabeth B. Bogle
                                 Administrative Judge

### NOTICE TO APPELLANT

This initial decision will become final on **October 11, 2007,** unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. You must establish the date on which you received it. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

### BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review if you believe that the settlement agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board
Merit Systems Protection Board

1615 M Street, NW.,
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you claim that you received this decision more than five days after its issuance, you have the burden to prove to the Board the date of receipt. You may meet your burden by filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

**JUDICIAL REVIEW**

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals
for the Federal Circuit

717 Madison Place, NW.
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, <u>http://www.mspb.gov.</u> Additional information is available at the court's website, <u>http://fedcir.gov/contents.html</u>. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

### ENFORCEMENT

The settlement agreement has been made part of the record. If you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office.

Your petition for enforcement must describe specifically the reasons why you believe there is noncompliance. It must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed within a reasonable period of time after you discover the asserted noncompliance. If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

EXHIBIT 2



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the General Counsel
Washington DC 20420

In Reply Refer To:

September 4, 2007

The Honorable Elizabeth B. Bogle
U.S. Merit Systems Protection Board
Washington Regional Office
1800 Diagonal Road, Suite 205
Alexandria, VA 22314-2840

      Re:   Caulton Allen v. Department of Veterans Affairs
             DC-0752-07-0694-I-1

Dear Judge Bogle:

The parties have agreed to settle the above-referenced matter. Attached is a copy of
the executed Settlement Agreement. The Agency will address the dismissal, with
prejudice, of the above-referenced matter at the Status Conference scheduled on
September 5, 2007.

                         Respectfully yours,

                         Gia Chemsian
                         Agency Counsel

cc:   Dennis Freidman
       Caulton Allen

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

CAULTON D. ALLEN,                    :
                                     :     Docket No.
               Appellant,            :     DC-0752-07-0694-I-1
                                     :
        v.                           :     Administrative Judge
                                     :     Elizabeth B. Bogle
DEPARTMENT OF VETERANS               :
   AFFAIRS,                     :
                                     :
               Agency.               :
                                     :

## SETTLEMENT AGREEMENT

Appellant Caulton D. Allen (hereinafter "Appellant") and the Department of Veterans Affairs
(hereinafter "Agency" or "VA") by and through undersigned counsel, hereby agree to the
following terms and conditions.

### Obligations of the Appellant

1.      By execution of this Settlement Agreement (hereinafter "Agreement"),
        Appellant hereby waives and withdraws in their entirety any and all actions
        (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-
        00741), claims, complaints, grievances, Freedom of Information Act requests,
        appeals (including, but not limited to. any claims raised in Appellant's MSPB
        Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever
        nature (hereinafter "claims") against the Agency and its past and present
        officers and Appellants, in their personal as well as their official capacities,
        which are now or hereafter may be asserted by him or on his behalf, on any
        action of any type, in any forum, and waives his right to pursue future causes
        of action against the Agency based on facts in existence as of the date of
        Complainant's execution of this Agreement, with the exception of any claims
        that may arise by reason of alleged breach of any terms of this Settlement
        Agreement.

2.      Appellant hereby voluntarily withdraws in their entirety all discrimination
        complaints (including, but not limited to, claims arising under the Age
        Discrimination in Employment Act, 29 U.S.C. · 621 et seq. and any claims
        raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900;
        Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167),

1

grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.

3.    Appellant specifically waives any claims for attorneys fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses regarding these matters except as specifically provided herein.

4.    Appellant shall immediately effect his resignation from the Agency by executing the SF-52 Request for Personnel Action Form attached hereto as Exhibit "A". The Agency's agreement to the provisions of this Agreement is made in contemplation of, and is contingent upon, Appellant's resignation, which is carried out by his signing Exhibit "A".

5.    Appellant agrees, covenants, and warrants that he shall not ever seek, make application for, or accept employment or engagement as an independent contractor with or for the Department of Veterans Affairs and all of its present and future divisions, departments, successors, assigns and representatives, wherever located. Appellant understands that VA shall avail itself of all legal, administrative and equitable remedies available to it in the event that Appellant violates this provision, including, but not limited to, initiating a breach of contract action, as well as proceeding with an adverse action to discharge the Appellant in the event that the Appellant violates this provision by accepting any position with VA.

6.    Appellant agrees to use the attached letter, attached hereto as Exhibit "B", as agency's reference with prospective employers. If Appellant is asked to provide a contact at the Agency for reference purposes, he agrees to provide only the name and telephone number of the Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421. Appellant specifically agrees that the Agency shall not be responsible for any information provided to an employment inquiry or reference source by anyone other than the Human Resources Officer, Jeanette Anderson, or her successor(s).

### Obligations of the Agency

7.    In consideration of Appellant's execution of the above obligations and within forty-five (45) days of Appellant's execution of this Agreement and Exhibit "A" hereto, the Agency will pay to Appellant's attorney, Dennis L. Friedman, Esq., the sum of two-thousand five hundred dollars ($2500.00) ("payment") in attorneys fees, subject to verification of costs. The check will be made payable to Caulton D. Allen and Dennis L. Friedman, Esq., EIN 23-2594747, and will be mailed to Appellant's attorney at the following address:

2

Dennis L. Friedman, Esq.
1515 Market Street, Suite 714
Philadelphia, PA 19102

8.    Appellant and his attorney, Dennis L. Friedman, Esq., agree to be responsible
      for any and all tax consequences or liabilities for this payment, including but
      not limited to, federal and state income tax. The Agency makes no
      representation as to the taxability of this payment or as to the tax treatment
      this payment will receive from the Internal Revenue Service. This payment
      may be subject to applicable tax withholding as required by law.

9.    Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
      of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
      Esq., the Agency will immediately cancel Appellant's removal and reinstate
      him, effective May 26, 2007, for the purpose of facilitating Appellant's
      resignation. Exhibit "A" is Appellant's request to resign effective May 26,
      2007, and the Agency's approval of that request.

10.   Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
      of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
      Esq., the Agency will remove any and all information related to Appellant's
      removal action from Appellant's Official Personnel File (OPF), change his
      removal to voluntary resignation, and make the following changes:

      a.    SF 50-B Notification of Personnel Action, Removal, dated May 26,
            2007, will be canceled and removed, and VA will substitute a form SF
            50-B Notification of Personnel Action reflecting Appellant's resignation
            pursuant to the SF-52 Request for Personnel Action attached hereto as
            Exhibit "A".

      b.    SF-50-B Notification of Personnel Action, Suspension, dated August
            28, 2006, will be cancelled and removed.

11.   Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
      of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
      Esq., the Agency agrees to mail Exhibit "A" to the Human Resources
      Committee within fourteen (14) days for processing.

12.   Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt
      of this Agreement signed by Appellant and his attorney, Dennis L. Friedman,
      Esq., the Agency agrees that Human Resources Officer, Jeanette Anderson,
      or her successor(s), at the Office of Resolution Management, located at 1722 I
      Street NW, Washington DC 20421, if contacted for any employment inquiry or
      reference for the Appellant will provide the information contained in Exhibit
      "C", and will truthfully respond regarding those matters required by law. The
      Agency shall not be responsible for any information disseminated about the
      Appellant by any of its agents, employees, or representatives, other than the

3

Human Resources Officer, Jeanette Anderson, or her successor(s).

13.    The Agency shall provide Appellant with a copy of the employment reference attached hereto as Exhibit "B", which will be consistent with the information contained in Appellant's official personnel folder.

### Stipulations

14.    The parties stipulate that:

a.    The parties have entered into this Agreement freely and voluntarily. Other than the Agreement set forth herein, no promise or threat of any kind whatsoever has been made by the Agency or by any employee thereof, or by the Appellant, to induce either party to enter into this Agreement.

b.    Neither this Agreement nor the payment of the settlement amount set forth in this Agreement constitutes an admission by any party to this Agreement of any violation of any contract, law, regulation or policy. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. Appellant expressly denies that he has done anything unlawful or improper.

c.    This Agreement only may be used as evidence by either party as outlined in the Agreement with the exception of any claims that may arise by reason of breach of any term of this Agreement.

d.    The obligations of the parties specified above constitute consideration sufficient to render this Agreement enforceable by either party.

e.    This Agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions that may be filed.

f.    This Agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written.

g.    The parties will submit this Agreement to the MSPB for inclusion in the record for purposes of enforcement and of dismissal of the Appeal.

h.    The Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

i.    Appellant and the Agency will promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this Agreement, or to effectuate any payment or record amendments to be made pursuant to this Agreement.

j.    This Agreement may not be modified except by a writing signed by all

4

of the parties.

15. The parties specifically acknowledge that Appellant has preserved the following rights and responsibilities through the execution of this Agreement:

   a. Appellant has thoroughly reviewed the entire Agreement and understands its provisions; and

   b. Appellant has not waived any rights or claims that may arise after the date of this Agreement is signed; and

   c. Appellant has not waived any rights or claims to benefits to which he is entitled or which may arise after the date this Agreement is signed; and

   d. Appellant has the right to consult with an attorney prior to signing the Agreement; and

   e. Appellant has a period of twenty-one (21) days to consider the Agreement; and

   f. Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

   g. Appellant's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth hereinabove.

Appellant specifically acknowledges that he has had an opportunity to fully review and consider this Agreement, and that he fully understands and agrees to all of its provisions.

Appellant _____  Date: 8/24/07

Appellant Counsel _____  Date: 8/24/07

Agency Counsel _____  Date: 8/24/07

For the Agency _____  Date: 8/30/07

5

# EXHIBIT 3



**DEPARTMENT OF VETERANS AFFAIRS**
Office of the General Counsel
Washington DC 20420

In Reply Refer To:

September 19, 2007

The Honorable Elizabeth B. Bogle
U.S. Merit Systems Protection Board
Washington Regional Office
1800 Diagonal Road, Suite 205
Alexandria, VA 22314-2840

    Re:   <u>Caulton Allen v. Department of Veterans Affairs</u>
           DC-0752-07-0694-I-1

Dear Judge Bogle:

Enclosed is an amended Settlement Agreement in the above-reference matter.  Please
enter the amended Settlement Agreement into the record for enforcement purposes.

                     Respectfully yours,

                     Gia Chemsian
                     Agency Counsel

cc:    Dennis Freidman
       Caulton Allen

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | | |
|---|---|---|
| CAULTON D. ALLEN, | : | |
| Appellant, | : | Docket No.<br>DC-0752-07-0694-I-1 |
| v. | : | Administrative Judge<br>Elizabeth B. Bogle |
| DEPARTMENT OF VETERANS<br>AFFAIRS, | : | |
| Agency. | : | |

### SETTLEMENT AGREEMENT

Appellant Caulton D. Allen (hereinafter "Appellant") and the Department of Veterans Affairs (hereinafter "Agency" or "VA") by and through undersigned counsel, hereby agree to the following terms and conditions.

### Obligations of the Appellant

1. By execution of this Settlement Agreement (hereinafter "Agreement"), Appellant hereby waives and withdraws in their entirety any and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741), claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever nature (hereinafter "claims") against the Agency and its past and present officers and Appellants, in their personal as well as their official capacities, which are now or hereafter may be asserted by him or on his behalf, on any action of any type, in any forum, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Complainant's execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

2. Appellant hereby voluntarily withdraws in their entirety all discrimination complaints (including, but not limited to, claims arising under the Age Discrimination in Employment Act, 29 U.S.C. ' 621 et seq. and any claims raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900; Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167),

1

grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.

3.  Appellant specifically waives any claims for attorneys fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses regarding these matters except as specifically provided herein.

4.  Appellant shall immediately effect his resignation from the Agency by executing the SF-52 Request for Personnel Action Form attached hereto as Exhibit "A". The Agency's agreement to the provisions of this Agreement is made in contemplation of, and is contingent upon, Appellant's resignation, which is carried out by his signing Exhibit "A".

5.  Appellant agrees, covenants, and warrants that he shall not ever seek, make application for, or accept employment or engagement as an employee or independent contractor with or for the Department of Veterans Affairs and all of its present and future divisions, departments, successors, assigns and representatives, wherever located. Appellant understands that VA shall avail itself of all legal, administrative and equitable remedies available to it in the event that Appellant violates this provision, including, but not limited to, initiating a breach of contract action, as well as proceeding with an adverse action to discharge the Appellant in the event that the Appellant violates this provision by accepting any position with VA.

6.  Appellant agrees to use the attached letter, attached hereto as Exhibit "B", as agency's reference with prospective employers. If Appellant is asked to provide a contact at the Agency for reference purposes, he agrees to provide only the name and telephone number of the Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421. Appellant specifically agrees that the Agency shall not be responsible for any information provided to an employment inquiry or reference source by anyone other than the Human Resources Officer, Jeanette Anderson, or her successor(s).

## Obligations of the Agency

7.  In consideration of Appellant's execution of the above obligations and within forty-five (45) days of Appellant's execution of this Agreement and Exhibit "A" hereto, the Agency will pay to Appellant's attorney, Dennis L. Friedman, Esq., the sum of two-thousand five hundred dollars ($2500.00) ("payment") in attorneys fees, subject to verification of costs. The check will be made payable to Caulton D. Allen and Dennis L. Friedman, Esq., EIN 23-2594747, and will be mailed to Appellant's attorney at the following address:

2

Dennis L. Friedman, Esq.
1515 Market Street, Suite 714
Philadelphia, PA 19102

8.    Appellant and his attorney, Dennis L. Friedman, Esq., agree to be responsible for any and all tax consequences or liabilities for this payment, including but not limited to, federal and state income tax. The Agency makes no representation as to the taxability of this payment or as to the tax treatment this payment will receive from the Internal Revenue Service. This payment may be subject to applicable tax withholding as required by law.

9.    Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will immediately cancel Appellant's removal and reinstate him, effective May 26, 2007, for the purpose of facilitating Appellant's resignation. Exhibit "A" is Appellant's request to resign effective May 26, 2007, and the Agency's approval of that request.

10.    Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will remove any and all information related to Appellant's removal action from Appellant's Official Personnel File (OPF), change his removal to voluntary resignation, and make the following changes:

    a.    SF 50-B Notification of Personnel Action, Removal, dated May 26, 2007, will be canceled and removed, and VA will substitute a form SF 50-B Notification of Personnel Action reflecting Appellant's resignation pursuant to the SF-52 Request for Personnel Action attached hereto as Exhibit "A".

    b.    SF-50-B Notification of Personnel Action, Suspension, dated August 28, 2006, will be cancelled and removed.

11.    Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees to mail Exhibit "A" to the Human Resources Committee within fourteen (14) days for processing.

12.    Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees that Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421, if contacted for any employment inquiry or reference for the Appellant will provide the information contained in Exhibit "C", and will truthfully respond regarding those matters required by law. The Agency shall not be responsible for any information disseminated about the Appellant by any of its agents, employees, or representatives, other than the

3

Human Resources Officer, Jeanette Anderson, or her successor(s).

13. The Agency shall provide Appellant with a copy of the employment reference attached hereto as Exhibit "B", which will be consistent with the information contained in Appellant's official personnel folder.

## Stipulations

14. The parties stipulate that:

   a. The parties have entered into this Agreement freely and voluntarily. Other than the Agreement set forth herein, no promise or threat of any kind whatsoever has been made by the Agency or by any employee thereof, or by the Appellant, to induce either party to enter into this Agreement.

   b. Neither this Agreement nor the payment of the settlement amount set forth in this Agreement constitutes an admission by any party to this Agreement of any violation of any contract, law, regulation or policy. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. Appellant expressly denies that he has done anything unlawful or improper.

   c. This Agreement only may be used as evidence by either party as outlined in the Agreement with the exception of any claims that may arise by reason of breach of any term of this Agreement.

   d. The obligations of the parties specified above constitute consideration sufficient to render this Agreement enforceable by either party.

   e. This Agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions that may be filed.

   f. This Agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written.

   g. The parties will submit this Agreement to the MSPB for inclusion in the record for purposes of enforcement and of dismissal of the Appeal.

   h. The Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

   i. Appellant and the Agency will promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this Agreement, or to effectuate any payment or record amendments to be made pursuant to this Agreement.

   j. This Agreement may not be modified except by a writing signed by all

4

of the parties.

15.    The parties specifically acknowledge that Appellant has preserved the following rights and responsibilities through the execution of this Agreement:

a.    Appellant has thoroughly reviewed the entire Agreement and understands its provisions; and

b.    Appellant has not waived any rights or claims that may arise after the date of this Agreement is signed; and

c.    Appellant has not waived any rights or claims to benefits to which he is entitled or which may arise after the date this Agreement is signed; and

d.    Appellant has the right to consult with an attorney prior to signing the Agreement; and

e.    Appellant has a period of twenty-one (21) days to consider the Agreement; and

f.    Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

g.    Appellant's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth hereinabove.

**Appellant specifically acknowledges that he has had an opportunity to fully review and consider this Agreement, and that he fully understands and agrees to all of its provisions.**

Appellant                                             Date: 9/07/07

Appellant Counsel                                     Date: 9/5/07

Agency Counsel                                        Date: 8/24/07

For the Agency                                        Date: 8/30/07

5

# EXHIBIT 4

# SETTLEMENT AGREEMENT

The terms of this Settlement Agreement were voluntarily reached through a mediation session conducted on December 17, 2003 involving Carlton Allen, Complainant and Malcolm Porter, Respondent Management Official.

Upon execution of this settlement agreement, the parties agree that the issues raised in this informed complaint (EEO compliant number 200N-2004-2003103167) will not be used to initiate an EEO complaint, grievance and/or civil lawsuit.

Malcolm Porter is the Chief Operating Officer, at 1575 Eye Street, NW, Washington, DC 20420, with full authority to negotiate and settle this matter on behalf of the Agency.

**The terms of the Settlement Agreement are as follows:**

a. Both parties agree there will be no reprisal from discussions and actions taken as a result of this mediation session.

b. Carlton Allen agrees to withdraw his informal EEO complaint number 200N-2004-2003103167. This agreement is a complete settlement of the issues raised in mediation and Mr. Allen agrees not to pursue this claim upon execution of this agreement.

c. Mr. Allen accepts the ORM position of EEO Specialist (Position Description Number 29219A) offered in the discussion and actions taken as a result of this mediation session. He will be reinstated to this position effective February 8, 2004.

d. All of the terms of this settlement will be carried out upon final execution of this settlement agreement.

**In addition, the parties agree to the following terms:**

a. Both parties enter into this agreement freely and voluntarily. By signing this agreement, the parties acknowledge their complete understanding and acceptance of the terms of this agreement.

b. This agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. That violates the United States Constitution, any other federal or state statue or regulation.

c. The Parties agree neither party will subpoena the mediators. In no event will the mediators voluntarily testify on behalf of any party or submit any type of report in connection with this mediation.

d.  As required by law, the parties agree not to disclose voluntarily anything said in confidence during this mediation session. *See 5 U.S.C. 574.* The parties agree to keep the terms of this Settlement Agreement private and confidential and not discuss them with other persons within the Department, except to authorize individuals responsible for implementing the Settlement Agreement.

e.  The Parties agree that this Agreement constitutes the entire Agreement and there are no other terms to this Agreement except those specified herein.  No other promises or agreements shall be binding unless placed in writing and signed by all the parties.

f.  The parties agree to return to mediation prior to pursuing these issues formally.

g.  The terms of this agreement are binding and will not establish any precedent, nor will the agreement be used as a basis for either party to seek or justify similar terms in any subsequent civil or administrative action. This agreement will also not be used as a basis by either party to seek or justify similar terms in any subsequent case.

h.  The parties agree that this settlement agreement may be used as evidence in a later proceeding in which either of the parties alleges a breach of the agreement.

i.  If for any reason not due to Complainant/Grievant acts or conduct, the Department fails to fulfill the terms of this Settlement Agreement, the Complainant retains the right to request reinstatement of the matter subject to any applicable statutory or regulatory deadlines for filings.

**Agency Compliance:**

The complainant acknowledges that if he believes VA has not complied with the terms of this Settlement Agreement, he may notify the Deputy Assistant Secretary for Resolution Management, in writing, within 30 days of the alleged violation and request the terms of this Settlement Agreement be specifically implemented.  Alternatively, he may request that the EEO complaint be reinstated for further processing from the point processing ceased.  Thereafter, the complainant may appeal to the Equal Employment Opportunity Commission pursuant to 29 CFR 1614.504 if he believes that VA has either not fully implemented this Settlement Agreement or improperly failed to reinstate the complaint.  The Equal Employment Opportunity Commission states that allegations of subsequent acts of discrimination that violate a settlement agreement shall be processed as separate complaints under §1614.106 or §1614.204.  If the complainant believes that he has experienced reprisal since signing the Settlement Agreement, he should bring the matter to the attention of an EEO Counselor immediately.

BY SIGNATURE BELOW, WE ACKNOWLEDGE THAT WE HAVE READ,
UNDERSTAND, AND AGREE TO THIS SETTLEMENT AGREEMENT.

_____              _2/5/04_____
Carlton Allen                                          DATE

_____              _2/4/04_____
Malcolm Porter                                        DATE

_____              _2/5/04_____
Judith Sterne                                          DATE
Mediator

_____              _2/5/04_____
Carolyn Ayers Mays                                DATE
Mediator

Standard Form 52
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 3

# REQUEST FOR PERSONNEL ACTION

JetForm

| 1. ACTIONS REQUESTED | 2. REQUEST NUMBER |
|---|---|
| Reinstatement | |

| 3. FOR ADDITIONAL INFORMATION CALL (Name and Telephone Number) | 4. PROPOSED EFFECTIVE DATE |
|---|---|
| Zakia Batchelor (202) 501-2756 | 02/08/04 |

| 5. ACTION REQUESTED BY (Typed Name, Title, Signature and Request Date) | 6. ACTION AUTHORIZED BY (Typed Name, Title, Signature, and Concurrence Date) |
|---|---|
| Zakia Batchelor<br>ORM HR Specialist, 2/5/04 | Malcolm Porter<br>COO for Resolution Management, 2/5/04 |

| 1. NAME (Last, First, Middle) | 2. SOCIAL SECURITY NUMBER | 3. DATE OF BIRTH | 4. EFFECTIVE DATE |
|---|---|---|---|
| Allen, Caulton D. | | 3 | 02/08/04 |

| 5-A. CODE | 5-B. NATURE OF ACTION | 6-A. CODE | 6-B. NATURE OF ACTION |
|---|---|---|---|
| | Reinstatement | | |

| 5-C. CODE | 5-D. LEGAL AUTHORITY | 6-C. CODE | 6-D. LEGAL AUTHORITY |
|---|---|---|---|
| | | | |

| 5-E. CODE | 5-F. LEGAL AUTHORITY | 6-E. CODE | 6-F. LEGAL AUTHORITY |
|---|---|---|---|
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Equal Opportunity Specialist<br>(Investigator), GS-360-12/2 | |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. TOTAL SALARY | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. TOTAL SALARY/AWARD | 21. PAY BASIS |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 360 | 12 | 2 | $61,279 | | | | | | | |

| 12A. Basic Pay | 12B. LOCALITY ADJ. | 12C. ADJ. BASIC PAY | 12D. OTHER PAY | 20A. BASIC PAY | 20B. LOCALITY ADJ. | 20C. ADJ. BASIC PAY | 20D. OTHER PAY |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 14. NAME AND LOCATION OF POSITION'S ORGANIZATION | 22. NAME AND LOCATION OF POSITION'S ORGANIZATION |
|---|---|
| Department of Veterans Affairs<br>Office of Resolution Management<br>Washington Field Office | |

| 23. VETERANS PREFERENCE | 24. TENURE | 25. AGENCY USE | 26. VETERANS PREFERENCE FOR RIF |
|---|---|---|---|
| 1 - NONE       3 - 10-POINT/DISABILITY    5 - 10-POINT/OTHER<br>2 - 5-POINT    4 - 10-POINT/COMPENSABLE    6 - | 1    0 - NONE         2 - CONDITIONAL<br>1 - PERMANENT  3 - INDEFINITE | | ☐ YES    ☐ NO |

| 27. FEGLI | 28. ANNUITANT INDICATOR | 29. PAY RATE |
|---|---|---|
| | | |

| 30. RETIREMENT PLAN | 31. SERVICE COMP. DATE (LEAVE) | 32. WORK SCHEDULE | 33. PART-TIME HOURS PER BIWEEKLY PAY PERIOD |
|---|---|---|---|
| | | F/T | |

| 34. POSITION OCCUPIED | 35. FLSA CATEGORY | 36. APPROPRIATION CODE | 37. BARGAINING UNIT STATUS |
|---|---|---|---|
| 1 - COMPETITIVE SERVICE   3 - SES GENERAL<br>2 - EXCEPTED SERVICE    4 - SES CAREER RESERVED | E - EXEMPT<br>N - NONEXEMPT | 1421.2000 | 8888 |

| 38. DUTY STATION CODE | 39. DUTY STATION (City - County - State or Overseas Location) |
|---|---|
| | Washington, DC |

| 40. AGENCY DATA IA POS. | 41. NEW POSITION | 42. REGRADED POSITION | 43. VICE: | 44. QUALIFICATION STANDARDS USED |
|---|---|---|---|---|
| | | | | |

| 45. EDUCATIONAL LEVEL | 46. YR. DEGREE TRAINED | 47. ACADEMIC DISCIPLINE | 48. FUNCTIONAL CLASS | 49. CITIZENSHIP | 50. VIETNAM ERA VET. | 51. SUPERVISORY STATUS |
|---|---|---|---|---|---|---|
| | | | | 1 - USA   8 - OTHER | V - YES   N - NO | |

| 1. OFFICE/FUNCTION | INITIALS/SIGNATURE | DATE | OFFICE/FUNCTION | INITIALS/SIGNATURE | DATE |
|---|---|---|---|---|---|
| A. POSITION AUTHORIZED | | | D. ENGLISH LANGUAGE PROFICIENCY | | |
| B. CLASSIFICATION | | | E. DRUG TESTING POSITION   ☐ YES  ☐ NO | | |
| C. PLACEMENT | | | F. | | |

| 2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements. | SIGNATURE | APPROVAL DATE |
|---|---|---|

CONTINUED ON NEXT PAGE

52-118

EDITIONS PRIOR TO 7/91 ARE NOT USABLE AFTER 8/30/93

NSN 7540-01-333-6239

JetForm

(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES," please state these facts on a separate sheet and attach to SF 52.)

☐ YES    ☐ NO

## PRIVACY ACT STATEMENT

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail your copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and

agencies to issue regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary of Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. REASONS FOR RESIGNATION/RETIREMENT *(NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day - midnight - unless you specify otherwise.)*

| 2. EFFECTIVE DATE | 3. YOUR SIGNATURE | 3. DATE SIGNED | 4. FORWARDING ADDRESS *(Number, Street, City, State, ZIP Code)* |
|---|---|---|---|
|  |  |  |  |