IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAULTON D. ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 07-0741 (RCL) |
| ) | |
| JAMES R. NICHOLSON, ) | |
| Secretary, Department of ) | |
| Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## PLAINTIFF'S REQUEST to HOLD in ABEYANCE or DISMISSAL without PREJUDICE

The Plaintiff has received the Defendant's Reply in Further Support of His Motion to Dismiss the Complaint dated November 16, 2007, in which the majority of Defendant's argument concerns Plaintiff's Petition for Review on file with United States Merit System Protection Board (hereinafter the Board) (DC-0752-07-0694-I-1).

Subsequent to the Plaintiff filing his Petition for Review, the Defendant filed with the Board a Petition for Enforcement on October 26, 2007. On November 29, 2007, the MSPB Administrative Judge issued an initial decision dismissing the Defendant's Petition for Enforcement as "premature" (attached and identified as **Exhibit A**). It is Plaintiff's position that the decision regarding his Petition for Review is vital evidence in this civil action before the Court.

In order to have the Board review the terms of the settlement agreement as to whether it constituted a contract, was valid and enforceable. In addition, it is the

RECEIVED
DEC 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's position that the Board decision on the Appellant's Petition for Review is vital evidence with regards to this civil action. WHEREFORE, the Plaintiff files this motion requesting that an order be issued by the Court holding this case in abeyance and/or issue an order dismissing the case <u>without</u> prejudice.

                                            Respectfully submitted,

                                            CAULTON D. ALLEN
                                            Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Plaintiff's <u>REQUEST to HOLD in ABEYANCE or DISMISSAL without PREJUDICE</u> and accompanying exhibits has been served on this 12th day of December, 2007, via first class mail, postage pre-paid upon:

<u>Defendant's Counsel</u>
Ms. Michelle N. Johnson
D.C. Bar # 491910
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W.-Room E4212
Washington, D.C. 20530 Agency

# EXHIBIT A

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

| | |
|---|---|
| CAULTON D. ALLEN,<br>Appellant, | DOCKET NUMBER<br>DC-0752-07-0694-C-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS,<br>Agency. | DATE: November 29, 2007 |

Caulton D. Allen, Fort Washington, Maryland, pro se.

Gia Marie Chemsian, Esquire, Washington, D.C., for the agency.

**BEFORE**
Elizabeth B. Bogle
Administrative Judge

**INITIAL DECISION**

On October 26, 2007, the agency filed a petition for enforcement of a settlement agreement that resolved the appellant's removal appeal. The Board has jurisdiction to enforce a settlement agreement when the underlying appeal was within the Board's jurisdiction and the settlement agreement was entered into the record. *See Rivas v. U.S. Postal Service,* 72 M.S.P.R. 383, 388 (1996). For the following reasons, the petition for enforcement is DISMISSED.

Background

On June 8, 2007, the appellant filed an appeal from an agency decision to remove him from the position of Equal Opportunity Specialist, GS-0360-12. On August 30, 2007, the parties reached an agreement to settle the appeal. The

agreement provided inter alia that: (1) The appellant waived "any and all actions, claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever nature [] against the Agency;" (2) The appellant would withdraw "all discrimination complaints . . . grievances and other causes of action against the Agency;" (3) The agency would "remove any and all information related to the Appellant's removal from Appellant's Official Personnel File (OPF) [and] change his removal to a voluntary resignation;" and (4) If contacted for a reference, the agency would provide the information contained in an attached letter. Appeal File (AF) tab 1, subtab 1. In an initial decision issued on September 6, 2007, I found that the agreement was lawful, that it was freely reached, and that the parties understood the terms. Accordingly, I entered the agreement into the record and dismissed the appeal as settled. *Allen v. Department of Veterans Affairs,* MSPB Docket No. DC-0752-07-0694-I-1 (Initial Decision, September 6, 2007). In its petition for enforcement, the agency asserted that the appellant has breached the agreement by failing to dismiss Civil Case No. 1:07-CV-00741 and by filing a petition for review of the Board's initial decision.

The enforcement petition must be dismissed as premature

Any party may petition the Board for enforcement of a *final* decision or order. 5 C.F.R. § 1201.182(a). An initial decision becomes final 35 days after issuance unless any party files a petition for review within the filing deadline or the Board reopens the case on its own motion. 5 C.F.R. § 1201.113(a). By order dated November 5, 2007, I informed the parties that the Board might not have jurisdiction over the agency's enforcement petition because on October 15, 2007, the appellant filed a petition for review of the initial decision that dismissed his appeal as settled. I ordered the agency to file evidence and argument on the jurisdictional issue.

In its response, the agency argued that in the settlement agreement the appellant waived his right to file a petition for review of the initial decision and therefore the initial decision became the final decision of the Board. A party may challenge the validity of a settlement by filing a petition for review of the initial decision dismissing an appeal as settled. *See, e.g., Vogel v. Department of the Navy*, 106 M.S.P.R. 451, 454 (2007); *Nichols v. Department of the Air Force*, 102 M.S.P.R. 551, 555 (2006), *aff'd*, No. 2006-3404 (Fed. Cir. Nov. 8, 2007) (NP). Thus the issue of whether the settlement agreement reached in this case was valid (and the waiver provision enforceable) must be decided by the Board in its decision on the appellant's pending petition for review. For these reasons, I find that the agency's enforcement petition is premature and must be refiled, if appropriate, after the Board issues a decision on the appellant's petition for review. *See Walker v. Department of Health and Human Services*, 99 M.S.P.R. 367, 370 (2005) (The administrative judge correctly found that a petition for enforcement was premature because the initial decision had not yet become final).

## DECISION

The agency's petition for enforcement is DISMISSED.

FOR THE BOARD:    _____/S/_____
                              Elizabeth B. Bogle
                              Administrative Judge

## NOTICE TO APPELLANT

This initial decision will become final on **January 3, 2008**, unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if you prove that you

received this initial decision more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. You must establish the date on which you received it. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review. Your petition, with supporting evidence and argument, must be filed with:

> The Clerk of the Board
> Merit Systems Protection Board
> 1615 M Street, NW.,
> Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must be filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. If you claim that you received this decision more than 5 days after its issuance, you have the burden to prove to the Board the date of receipt. You may meet your burden by

filing evidence and argument, sworn or under penalty of perjury (*see* 5 C.F.R. Part 1201, Appendix 4) to support your claim. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

> The United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, NW.
> Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703). You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov. Additional information is available at the court's website, http://fedcir.gov/contents.html. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.