IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
CAULTON D. ALLEN,                 )
                                  )
        Plaintiff,                )
                                  )
     v.                           ) Civil Action No. 07-0741 (RCL)
                                  )
JAMES R. NICHOLSON,               )
Secretary, Department of          )
Veterans Affairs,                 )
                                  )
        Defendant.                )
                                  )
```

**Defendant's Opposition to "Plaintiff's Request to
Hold in Abeyance or Dismissal Without Prejudice"**

Defendant, James R. Nicholson, hereby files his opposition to "Plaintiff's Request to Hold in Abeyance or Dismissal without Prejudice" ("Pl.'s Mot."). In his request, plaintiff asks that the Court hold this case in abeyance or dismiss his complaint without prejudice. Id. One of these two actions is warranted, according to plaintiff, because of the Merit System Protection Board's ("MSPB") decision denying the agency's petition for enforcement of the 2007 settlement agreement that was reached with plaintiff. Pl.'s Mot., Ex. A. The MSPB concluded that the petition for enforcement was premature because "the issue of whether the settlement agreement reached in this case was valid (and the waiver provision enforceable) must be decided by the Board in its decision on the appellant's pending petition for review." Id. at 3. Plaintiff contends that the MSPB's "decision regarding [plaintiff's] Petition for Review is vital evidence in this civil action before the Court." Pl.'s Mot. at 1.

Plaintiff continues to misunderstand what is at issue in his pending civil action and the matters before the MSPB.  As defendant explained in his reply in further support of his motion to dismiss the complaint ("Def.'s Reply"), the claims that plaintiff attempts to assert in his complaint stem from events that occurred in 2003 and were in fact resolved by a prior settlement agreement, entered in 2004.[1]  Def.'s Reply, Ex. 4, Settlement Agreement signed February 5, 2004.  Plaintiff does not contest the validity of that settlement agreement and it is that agreement that effectively forecloses plaintiff from raising the allegations in his complaint.

The settlement agreement that is now being reviewed by the MSPB encompasses plaintiff's claims relating to his subsequent termination effective May 27 2007.  In lieu of termination, plaintiff agreed to voluntarily resign from his position and globally settle all of his outstanding claims, including the instant matter.  Defendant's Motion to Dismiss the Complaint

---

[1] The facts leading to the 2004 agreement were as follows: on March 7, 2003, plaintiff submitted a request for a leave of absence from March 21, 2003 to April 21, 2003, at the end of which he indicated he would resign from his position as an EEO investigator.  Compl. ¶ 8; Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), Ex. 3; Compl. Ex. A (EEOC Denial of Consideration).  Plaintiff thereafter requested a thirty-day extension of his leave of absence, thus delaying the effective date of his resignation.  Compl. ¶ 9.  His supervisor denied his request.  Id. ¶ 11; Pl.'s Opp'n, Ex. 2.  As a result of mediation concerning these claims, plaintiff was reinstated to his former position.  Defendant's Reply in Further Support of his Motion to Dimsiss ("Def.'s Reply"), Ex. 4, Settlement Agreement signed February 5, 2004.

("Def.'s Mot.") Ex. A, at 2 ¶ 4.  Notably, plaintiff's complaint in this Court does not allege any facts concerning his 2007 termination or the 2007 settlement agreement.  See generally Complaint.

Because the claims he seeks to assert were the subject of an agreement that is not being reviewed by the MSPB and was never challenged by plaintiff, plaintiff is foreclosed from asserting those claims before this Court.  To the extent plaintiff sought to challenge his 2007 termination, he has failed to assert any such claims in his current complaint.  Accordingly, plaintiff's request to hold this matter in abeyance should be denied and the complaint should be dismissed with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney


/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


/s/
MICHELLE N. JOHNSON, DC Bar #491910
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7139

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that service of the foregoing Defendant's Opposition to Plaintiff's Request to Hold in Abeyance or Dismissal Without Prejudice has been served on this <u>21st</u> day of December, 2007, via first-class mail, postage pre-paid, upon:

Mr. Caulton D. Allen
6220 Joe Klutsch Drive
Fort Washington, MD 20744

                                <u>/s/</u>
                            Michelle N. Johnson, DC Bar # 491910
                            Assistant United States Attorney

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF COLUMBIA
```

CAULTON D. ALLEN,                      )
                                       )
       Plaintiff,                      )
                                       )
       v.                              ) Civil Action No. 07-0741 (RCL)
                                       )
JAMES R. NICHOLSON,                    )
Secretary, Department of               )
Veterans Affairs,                      )
                                       )
       Defendant.                      )
_____)

## **[Proposed] Order**

This matter having come before the Court on "Plaintiff's Request to Hold in Abeyance or Dismissal Without Prejudice," defendant's opposition to the motion, and plaintiff's reply, if any, it is hereby

**ORDERED** that Plaintiff's Request to Hold in Abeyance or Dismissal Without Prejudice is **DENIED.**

**SO ORDERED** on this _____ day of _____,
200\_\_\_.

 

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE