IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAULTON D. ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SECRETARY, DEPARTMENT of ) <br> VETERANS AFFAIRS, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: 07-0741 (RCL) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION to PLAINTIFF'S REQUEST to HOLD in ABEYANCE OR DISMISSAL Without PREJUDICE**

The Plaintiff has received the Defendant's December 21, 2007 *"Opposition to Plaintiff's Request to Hold in Abeyance or Dismissal Without Prejudice"* in which the Defendant requested that the Court dismiss the Plaintiff's civil case with prejudice and deny the Plaintiff's Request to Hold in Abeyance or Dismissal Without Prejudice pending the U.S. Merit System Protection Board (hereinafter the Board) review of the validity of the 2007 Settlement Agreement.

The Plaintiff's Petition for Review dated October 11, 2007 currently pending before the Board challenges the validity of the 2007 Settlement Agreement which states the following under Item 1:

> "*On execution of this Settlement Agreement (hereinafter "Agreement"), Appellant hereby waives and withdraws in their entirety **any and all actions (including but not limited** to USDC of District of Columbia Civil No. 1:07-CV-00741), claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and **proceedings of whatever nature (hereinafter "claims") against***

RECEIVED
JAN 9 - 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

***the Agency and its past and present officers*** and Appellants, in their personal as well as their official capacities, ***which are now or hereafter may be asserted by him or on his behalf, on any action of any type, in any forum***, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Complainant's execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement."

Furthermore, the 2007 Settlement Agreement states under <u>Item 2</u>:

"*Appellant hereby voluntarily withdraws in their entirety **all discrimination complaints (including, but not limited to,*** claims arising under the Age Discrimination in Employment Act, 29 U.S.C. ' 621 et seq. and any claims raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900; Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167), grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.*"

The 2007 Settlement Agreement is attached for your review (**EXHIBIT A** without Attachments).

It is the Plaintiff's position that the 2007 Settlement Agreement subsumes the Settlement Agreement signed on February 5, 2004 in that they are inexplicably intertwined. If the Plaintiff's Petition for Review (PFR) is granted and the Board vacates the 2007 settlement agreement, all current and former complaints are no longer settled and must be processed by the Defendant (PFR without Attachments identified as **EXHIBIT B**).

WHEREFORE, the Plaintiff respectfully requests that the Court grant his request to hold this civil action in abeyance or dismiss without prejudice. Plaintiff has attached an order for your signature regarding this matter.

Respectfully submitted,

_____
CAULTON D. ALLEN
Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing Plaintiff's <u>RESPONSE TO DEFENDANT'S OPPOSITION TO THE PLAINTIFF"S REQUEST to HOLD in ABEYANCE or DISMISSAL without PREJUDICE</u> and accompanying exhibits have been served on this _____ day of January 2008, via first class mail, postage pre-paid to the following:

<u>Defendant's Counsel</u>
Ms. Michelle N. Johnson
D.C. Bar # 491910
Assistant United States Attorney
U.S. Attorney's Office
Civil Division
555 4th Street, N.W. Room E4212
Washington, D.C. 20530 Agency
via first class mail, postage pre-paid

_____

**EXHIBIT A**-2007 Settlement Agreement Without Attachments

For PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION to PLAINTIFF'S REQUEST to HOLD in ABEYANCE OR DISMISSAL Without PREJUDICE

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
WASHINGTON REGIONAL OFFICE

CAULTON D. ALLEN,

    Appellant,

v.

DEPARTMENT OF VETERANS AFFAIRS,

    Agency.

Docket No.
DC-0752-07-0694-I-1

Administrative Judge
Elizabeth B. Bogle

## SETTLEMENT AGREEMENT

Appellant Caulton D. Allen (hereinafter "Appellant") and the Department of Veterans Affairs (hereinafter "Agency" or "VA") by and through undersigned counsel, hereby agree to the following terms and conditions.

### Obligations of the Appellant

1. By execution of this Settlement Agreement (hereinafter "Agreement"), Appellant hereby waives and withdraws in their entirety any and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741), claims, complaints, grievances, Freedom of Information Act requests, appeals (including, but not limited to, any claims raised in Appellant's MSPB Appeal, Docket No. DC-0752-07-0694-I-1) and proceedings of whatever nature (hereinafter "claims") against the Agency and its past and present officers and Appellants, in their personal as well as their official capacities, which are now or hereafter may be asserted by him or on his behalf, on any action of any type, in any forum, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Complainant's execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

2. Appellant hereby voluntarily withdraws in their entirety all discrimination complaints (including, but not limited to, claims arising under the Age Discrimination in Employment Act, 29 U.S.C. ' 621 et seq. and any claims raised in Appellant's EEO Complaints, Agency No. 0705-2004-2006100900; Agency No. 0705-2004-2007101814; Agency No. 200N-2004-2003103167),

1

EXHIBIT A-2007 Settlement Agreement without Attachments
For PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION to PLAINTIFF'S REQUEST to HOLD in ABEYANCE OR DISMISSAL without PREJUDICE

grievances and other causes of action against the Agency, and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of Appellant's execution of this Agreement.

3. Appellant specifically waives any claims for attorneys fees, costs, expenses, back pay, front pay, interest, lost wages, benefits, placement in position, general damages, compensatory damages, liquidated damages, costs, and/or other expenses regarding these matters except as specifically provided herein.

4. Appellant shall immediately effect his resignation from the Agency by executing the SF-52 Request for Personnel Action Form attached hereto as Exhibit "A". The Agency's agreement to the provisions of this Agreement is made in contemplation of, and is contingent upon, Appellant's resignation, which is carried out by his signing Exhibit "A".

5. Appellant agrees, covenants, and warrants that he shall not ever seek, make application for, or accept employment or engagement as an employee or independent contractor with or for the Department of Veterans Affairs and all of its present and future divisions, departments, successors, assigns and representatives, wherever located. Appellant understands that VA shall avail itself of all legal, administrative and equitable remedies available to it in the event that Appellant violates this provision, including, but not limited to, initiating a breach of contract action, as well as proceeding with an adverse action to discharge the Appellant in the event that the Appellant violates this provision by accepting any position with VA.

6. Appellant agrees to use the attached letter, attached hereto as Exhibit "B", as agency's reference with prospective employers. If Appellant is asked to provide a contact at the Agency for reference purposes, he agrees to provide only the name and telephone number of the Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421. Appellant specifically agrees that the Agency shall not be responsible for any information provided to an employment inquiry or reference source by anyone other than the Human Resources Officer, Jeanette Anderson, or her successor(s).

### Obligations of the Agency

7. In consideration of Appellant's execution of the above obligations and within forty-five (45) days of Appellant's execution of this Agreement and Exhibit "A" hereto, the Agency will pay to Appellant's attorney, Dennis L. Friedman, Esq., the sum of two-thousand five hundred dollars ($2500.00) ("payment") in attorneys fees, subject to verification of costs. The check will be made payable to Caulton D. Allen and Dennis L. Friedman, Esq., EIN 23-2594747, and will be mailed to Appellant's attorney at the following address:



Dennis L. Friedman, Esq.
1515 Market Street, Suite 714
Philadelphia, PA 19102

8. Appellant and his attorney, Dennis L. Friedman, Esq., agree to be responsible for any and all tax consequences or liabilities for this payment, including but not limited to, federal and state income tax. The Agency makes no representation as to the taxability of this payment or as to the tax treatment this payment will receive from the Internal Revenue Service. This payment may be subject to applicable tax withholding as required by law.

9. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will immediately cancel Appellant's removal and reinstate him, effective May 26, 2007, for the purpose of facilitating Appellant's resignation. Exhibit "A" is Appellant's request to resign effective May 26, 2007, and the Agency's approval of that request.

10. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency will remove any and all information related to Appellant's removal action from Appellant's Official Personnel File (OPF), change his removal to voluntary resignation, and make the following changes:

   a. SF 50-B Notification of Personnel Action, Removal, dated May 26, 2007, will be canceled and removed, and VA will substitute a form SF 50-B Notification of Personnel Action reflecting Appellant's resignation pursuant to the SF-52 Request for Personnel Action attached hereto as Exhibit "A".

   b. SF-50-B Notification of Personnel Action, Suspension, dated August 28, 2006, will be cancelled and removed.

11. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees to mail Exhibit "A" to the Human Resources Committee within fourteen (14) days for processing.

12. Upon Appellant's prompt execution of Exhibit "A" attached hereto and receipt of this Agreement signed by Appellant and his attorney, Dennis L. Friedman, Esq., the Agency agrees that Human Resources Officer, Jeanette Anderson, or her successor(s), at the Office of Resolution Management, located at 1722 I Street NW, Washington DC 20421, if contacted for any employment inquiry or reference for the Appellant will provide the information contained in Exhibit "C", and will truthfully respond regarding those matters required by law. The Agency shall not be responsible for any information disseminated about the Appellant by any of its agents, employees, or representatives, other than the

3



Human Resources Officer, Jeanette Anderson, or her successor(s).

13. The Agency shall provide Appellant with a copy of the employment reference attached hereto as Exhibit "B", which will be consistent with the information contained in Appellant's official personnel folder.

### Stipulations

14. The parties stipulate that:

   a. The parties have entered into this Agreement freely and voluntarily. Other than the Agreement set forth herein, no promise or threat of any kind whatsoever has been made by the Agency or by any employee thereof, or by the Appellant, to induce either party to enter into this Agreement.

   b. Neither this Agreement nor the payment of the settlement amount set forth in this Agreement constitutes an admission by any party to this Agreement of any violation of any contract, law, regulation or policy. This Agreement does not constitute an admission of guilt, fault, or wrongdoing by either party. Appellant expressly denies that he has done anything unlawful or improper.

   c. This Agreement only may be used as evidence by either party as outlined in the Agreement with the exception of any claims that may arise by reason of breach of any term of this Agreement.

   d. The obligations of the parties specified above constitute consideration sufficient to render this Agreement enforceable by either party.

   e. This Agreement shall not serve as precedent for resolving any other complaints, grievances, appeals or actions that may be filed.

   f. This Agreement constitutes the entire understanding between the parties, and there are no other terms or commitments, verbal or written.

   g. The parties will submit this Agreement to the MSPB for inclusion in the record for purposes of enforcement and of dismissal of the Appeal.

   h. The Agency may submit this Agreement as evidence of withdrawal or waiver of any claim to be withdrawn or waived hereunder.

   i. Appellant and the Agency will promptly provide any document or take other action necessary to effectuate the withdrawal, dismissal, or waiver of any claim in compliance with this Agreement, or to effectuate any payment or record amendments to be made pursuant to this Agreement.

   j. This Agreement may not be modified except by a writing signed by all



of the parties.

15. The parties specifically acknowledge that Appellant has preserved the following rights and responsibilities through the execution of this Agreement:

   a. Appellant has thoroughly reviewed the entire Agreement and understands its provisions; and

   b. Appellant has not waived any rights or claims that may arise after the date of this Agreement is signed; and

   c. Appellant has not waived any rights or claims to benefits to which he is entitled or which may arise after the date this Agreement is signed; and

   d. Appellant has the right to consult with an attorney prior to signing the Agreement; and

   e. Appellant has a period of twenty-one (21) days to consider the Agreement; and

   f. Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement, and the Agreement will not become effective or enforceable until the seven-day revocation period has expired.

   g. Appellant's relinquishment of these claims and rights is specifically conditioned upon the Agency's performance of the actions set forth hereinabove.

**Appellant specifically acknowledges that he has had an opportunity to fully review and consider this Agreement, and that he fully understands and agrees to all of its provisions.**

Appellant _[signature]_                                   Date: 9/02/07

Appellant Counsel _[signature]_                           Date: 9/5/07

Agency Counsel _[signature]_                              Date: 8/24/07

For the Agency _[signature]_                              Date: 8/30/07

**EXHIBIT B**-PLAINTIFF'S PETITION for REVIEW without ATTACHMENTS

For PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION to PLAINTIFF'S REQUEST to HOLD in ABEYANCE <u>OR</u> DISMISSAL Without PREJUDICE

The Clerk of the Board
Merit Systems Protection Board
1615 M Street, N.W.
Washington, DC 20419

| | | | |
|---|---|---|---|
| Caulton D. Allen | ) | | |
|    Appellant | ) | | |
| | ) | | |
| v. | ) | Docket# | DC-0752-07-0694-I- |
| | ) | | |
| Department of Veterans Affairs | ) | | |
|    Agency | ) | | |
| | ) | October 11, 2007 | |

## PETITION FOR REVIEW

Now comes the Appellant, Caulton D. Allen, and herewith files this Petition for Review of the initial decision of Administrative Law Judge Elizabeth B. Bogle (hereafter ALJ Bogle) issued on September 6, 2007, dismissing as settled the Appellant's pro se appeal of his removal from federal service on May 26, 2007 by the Department of Veterans Affairs, hereafter the Agency.

The Appellant respectfully requests that the Board reverse the Administrative Law Judge's decision as contrary to law and remand the case for a decision on the merits before another Administrative Law Judge.

## STATEMENTS OF FACTS

1. On April 22, 2007, the Appellant was issued a notice from Agency officials that he was being removed from federal service to become effective on May 26, 2007.

**EXHIBIT B-Plaintiff Petition for Review without Attachments**
For PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION to PLAINTIFF'S REQUEST to HOLD in ABEYANCE OR DISMISSAL without PREJUDICE

2. On June 8, 2007, the Appellant filed an appeal before the Board regarding the Agency's removal action against him that became effective on May 26, 2007.

3. On June 14, 2007, ALJ Bogle notified the parties of her assignment and issued an Acknowledgement and Order in this appeal.

4. On July 10, 2007, the Appellant filed a request for an extension of time requesting suspension of the appeal for thirty (30) days and a separate motion requesting recusal of the assigned ALJ Bogle based on the fact that the Appellant had previous negative encounters with her in which he asserted affected her ability to function impartially in this appeal filed against the Agency.

5. On July 11, 2007, the Administrative Judge issued an Order denying the Appellant's request that she recues herself. In addition, ALJ Bogle denied the Appellant's request for an extension of time to seek adequate legal representation, clarify issues and any stipulations, and pursue settlement discussions with the Agency based on the fact that it was a unilateral request and not what she deemed as good causes for an extension. ALJ Bogle also cited in her Order that the Appellant's unilateral request for an extension could only be granted if the Appellant requested additional time to pursue discovery as she indicated was required by Board regulation and cited in her order that



"Unilateral requests may be granted for good cause shown at the discretion of the judge (citation omitted)."

6. On July 18, 2007, the Administrative Judge issued a decision granting a joint motion submitted by the Agency on behalf of the parties for an extension of time to pursue discovery.

7. On September 6, 2007, the Administrative Judge dismissed the Appellant's appeal indicating the following "**On August 30, 2007, the parties reached an agreement to settle the appeal. A copy of the signed, written agreement has been entered into the Board's record. I have reviewed the agreement, and I am satisfied that it is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the agreement. Accordingly, the agreement is enforceable by the Board (citation omitted)**"

8. On September 7, 2007, the Appellant signed, dated, and submitted the settlement agreement only after receiving the Administrative Law Judge's dismissal of his appeal.

9. ALJ Bogle did not issue a dismissal without prejudice.



3

## STATEMENT OF ISSUES

**I. DID THE ADMINISTRATIVE LAW JUDGE ERR AS A MATTER OF LAW BY PREMATURELY DISMISSING THE APPELLANT'S APPEAL OF HIS REMOVAL AND IN DOING SO CAUSED THE APPELLANT HARM?**

**II. DID THE ADMINISTRATIVE LAW JUDGE ERR AS A MATTER OF LAW BY ISSUING A DISMISSAL RATHER THAN A DISMISSAL WITHOUT PREJUDICE?**

## ARGUMENT

**THE ADMINISTRATIVE LAW JUDGE ERRED WHEN SHE PREMATURELY DISMISSED THE APPELLANT'S APPEAL AS SETTLED ON SEPTEMBER 6, 2007.**

On September 6, 2007, ALJ Bogle dismissed as settled the Appellant's appeal of his removal by the Department of Veterans Affairs effective May 26, 2007. In dismissing his appeal ALJ Bogle wrote, "On August 30, 2007, the parties reached an agreement to settle the appeal. A copy of the signed, written agreement has been entered into the Board's record. I have reviewed the agreement and I am satisfied that it is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the agreement. Accordingly, the agreement is enforceable by the Board (citation omitted)".

The Appellant asserts that the Administrative Judge acted in error in the interpretation and application of the law and committed a harmful procedural error by prematurely dismissing the Appellant's appeal on September 6, 2007. As of September 6, 2007, the appellant had no opportunity to review and fully consider the terms of the settlement agreement prior to AJ Bogle's dismissal of the Appellant's appeal (**Exhibit 1-Appellant dismissal order by AJ Bogle dated September 6,**

4

**2007 and Exhibit 2-Settlement Agreement).** Appellant had no choice but to sign the settlement agreement, as his appeal was already dismissed.

Even for purposes of argument, if the Board determines that the settlement agreement is appropriate, AJ Bogle erred by not issuing a dismissal without prejudice in that the settlement agreement had specified time lines as evidenced in item 15 (e) and 15 (f) of the agreement. Item 15 (e) reads " the Appellant has a period of twenty-one (21) days to consider the agreement" and section 15 (f) reads "the Appellant will have seven (7) days following the execution of the Agreement to revoke the Agreement and the Agreement will not become effective or enforceable until the seven-day revocation period has expired." By ALJ Bogle issuing a dismissal of the Appellant's appeal prior to the expiration of the specific time lines set forth in the agreement , she has committed a harmful procedural error, which is contrary to law requiring a dismissal without prejudice.

By ALJ Bogle's issuance of a dismissal, she has allowed the Agency to no longer comply with the settlement terms at items 15 (e) and 15 (f) nor has AJ Bogle afforded the appellant the proper review identified in items 15 (e) and 15 (f) prior to her unilateral dismissal of the appellant's appeal.

By ALJ Bogle's actions in prematurely issuing a dismissal, she has prevented the lawful execution of the settlement agreement and the case must be reinstated.

## CONCLUSION

Based on the foregoing reasons, the appellant prays that the Board will reverse the Administrative Law Judge's decision and remand the Appellant's appeal for further processing before a different administrative judge.

Respectfully submitted,

*[signature]*

Caulton D. Allen
Pro se appellant

Appellant hereby asserts that the above statements are true and factual and makes such claims before a notary whose signature and seal is affixed below.

CITY OF
STATE OF

Doreen Thomas
Notary Public Maryland
Prince George's County
My Commission Expires
October 25, 2008

(SEAL)

Sworn and subscribed to me this 1st day of October 2007.

_____
Notary

## CERTIFICATE OF SERVICE

I, *[signature]* Caulton D. Allen, hereby certify that a copy of the Appellant's Petition for Review was sent on October 11, 2007 to the following via certified mail:

**Agency**
Office of General Counsel (023)
Department of Veterans Affairs
810 Vermont Avenue, NW,
Washington, DC 20420

**MSPB**
The Clerk of the Board
Merit System Protection Board
1615 M. Street, NW.,
Washington, DC 20419

⑥

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAULTON D. ALLEN,<br><br>           Plaintiff,<br><br>v.<br><br>SECRETARY, DEPARTMENT of<br>VETERANS AFFAIRS,<br><br>           Defendant. | Civil Action No.: 07-0741 (RCL) |

## ORDER

This matter having come before this Court on the Plaintiff's Request to Hold in Abeyance or Dismiss without Prejudice in the above identified civil action, it is hereby

**ORDERED** that Plaintiff's motion requesting that this civil action be Held in Abeyance or Dismissed without Prejudice is **GRANTED** until such time as the Plaintiff exhausts all administrative remedies and a final decision is issued by the United States Merit System Protection Board regarding the validity of the 2007 settlement agreement.

**SO ORDERED** this ____ day of _____, 2008.


_____
United States District Court Judge

4