UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAULTON D. ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> JAMES R. NICHOLSON, <br> Secretary, Department of <br> Veterans Affairs, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-0741 (RCL) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Now before the Court comes defendant, James R. Nicholson's motion [8] to dismiss the plaintiff's complaint [1] pursuant to Federal Rule of Civil Procedure 12(b)(1). Upon consideration of the motion, plaintiff's opposition [11], the reply [13], the entire record herein, and applicable law, the Court finds that defendant's motion [8] to dismiss will be GRANTED.

**I.   BACKGROUND**

On March 7, 2003, plaintiff submitted a request for a leave of absence from March 21, 2003 to April 21, 2003, at the end of which he indicated he would resign from his position as an EEO investigator. (Compl. [1] ¶ 8; Pl.'s Ex. 3 [11] at 11.) Plaintiff proceeded to contact his supervisor on April 21, 2003, to request a thirty-day extension of his leave of absence, intending to delay the effective date of his resignation. (Compl. ¶ 9.) Plaintiff's supervisor denied this request. (*Id*. ¶ 11.) Plaintiff further alleges that his supervisor, after denying his request, indicated that she had already processed plaintiff's resignation by issuance of a SF-52 on April

20, 2003. (Compl. ¶ 11.) The plaintiff appealed the agency's decision to terminate his employment by filing an informal EEO complaint. (Def.'s Ex. 4 [13-5] at 2.)

The parties entered into a settlement agreement February 5th, 2004 resolving the informal EEO complaint. (*See id*. at 4.) As a result of mediation concerning these claims, plaintiff was reinstated to his former position. (*See id.* at 1.) ("[Plaintiff] accepts the ORM position of EEO Specialist . . . offered in the discussion and actions taken as a result of this mediation session. He will be reinstated to this position effective February 8, 2004.") Moreover, this agreement resolved all issues involving the plaintiff's 2003 termination and bars civil lawsuits drawing on these issues. (*See id.*) ("Upon execution of this settlement agreement, the parties agree that the issues raised in this informed complaint (EEO complaint number 200N-2004-2003103167) will not be used to initiate an EEO complaint, grievance and/or civil lawsuit.")

The 2007 settlement agreement that is the subject of defendant's motion was entered into to resolve subsequent claims that arose well after the first settlement was reached. (*See* Def.'s Ex. A. [8-2].) Plaintiff was again terminated from the Department of Veterans Affairs in 2007, three years after entering the 2004 settlement agreement. (Def.'s Reply [13] at 4 n.5.) Plaintiff again contested the Agency's decision.

The 2007 settlement agreement was entered into to resolve plaintiff's claims relating to his subsequent termination effective May 27, 2007. (Def.'s Ex. A. [8-2] ¶ 9.) Further, to resolve several administrative complaints and this current district court action, plaintiff accepted a settlement package in which he received, inter alia, payment of his attorney fees, cancellation of his removal from employment and reinstatement to permit plaintiff to resign, and removal of any information pertaining to the removal action from plaintiff's Official Personnel File. (*See* Def.'s

Ex. A. [8-2].) In lieu of termination, plaintiff agreed to voluntarily resign from his position. (*Id*. ¶¶ 2, 4.)

On April 19, 2007, plaintiff filed in this Court his complaint alleging that he has suffered discrimination pursuant to Title VII of the Civil Rights Act of 1964. (Compl. ¶ 1.) Specifically, plaintiff, an EEO investigator with the Department of Veteran Affairs, contends that he was wrongfully terminated after he had submitted an email indicating that he was agreeing to resign from his employment effective April 22, 2003. (Compl. ¶ 8.) Plaintiff contends that he was wrongfully terminated and seeks retroactive back-pay with interest, as well as compensatory and "consequential" damages. (*Id*. at 2-3.)

Defendant, James R. Nicholson, Secretary, Department of Veteran Affairs, filed a motion [8] to dismiss the complaint on October 12, 2007. Defendant moves to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff, Caulton D. Allen, opposes this motion.

## II.    ANALYSIS

### A.    Legal Standard

Federal courts are courts of limited jurisdiction. Article III confines a court's power to "resolving real and substantive controversies admitting of specific relief through a decree of a conclusive character. . . ." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990) (internal citation omitted). Federal courts may decide only "actual, ongoing controversies." *Clarke v. United States*, 915 F.2d 699, 700-01 (D.C. Cir. 1990) (en banc) (quoting *Honig v. Doe*, 484 U.S. 305, 317 (1988)). "Even where litigation poses a live controversy when filed, the doctrine [of

mootness] requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'" *Clarke*, 915 F.2d at 701 (quoting *Transwestern Pipeline Co. v. FERC*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

When a party files a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (indicating that plaintiffs have the burden of establishing jurisdiction).

A court considering a motion to dismiss for lack of jurisdiction must construe plaintiff's complaint in plaintiff's favor, accepting all inferences that can be derived from the facts alleged. *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, when assessing a motion to dismiss under Rule 12(b)(1), a court may also consider any undisputed facts in the record. *Herbert v. Nat'l Acad. of Sciences,* 974 F.2d 192, 197 (D.C. Cir. 1992) (internal citations omitted).

But, "[i]f events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." *McBryde v. Comm. to Review Circuit Council Conduct & Disability Orders of the Judicial Conference of the United States*, 264 F.3d 52, 55 (D.C. Cir. 2001) (internal citations omitted); *see also Fraternal Order of Police v. Rubin*, 134 F. Supp. 2d 39, 41 (D.D.C. 2001). Further, Article III limits the federal courts to deciding "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95 (1968). Therefore, a case becomes

4

moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Albritton v. Kantor*, 944 F. Supp. 966, 974 (D.D.C. 1996) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the [Court] must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." *Thompson v. Capitol Police Board*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (internal citations omitted). "The [Court] is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Rann v. Chao*, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). In addition, when determining whether jurisdiction is proper, the Court is at liberty to look beyond the pleadings without converting the motion into one for summary judgment. *See Haase v. Sessions*, 835 F.2d 902, 905 (D.C. Cir. 1987) ("It seems clear . . . that the plain language of Rule 12(b) permits only a 12(b)(6) motion to be converted into a motion for summary judgment").

    **B.**    **Plaintiff's Claims are Moot Because the Issues Presented Have Already Been Resolved**

Plaintiff's claims against the defendant have been mooted by his execution of two separate settlement agreements. "The general rule . . . is that complete settlement moots an action." *Aulenback, Inc. v. Federal Highway Admin.*, 103 F.3d 156, 161 (D.C. Cir. 1997). Here, plaintiff has entered into two settlement agreements which completely resolve the claims the plaintiff raised in his complaint. Therefore, this Court lacks jurisdiction to consider the claims contained in plaintiff's complaint. *Id.* at 161 ("Because the consent agreements entered into . . .

effectively settle the controversy relating to issuance of the out-of-service orders, we conclude that the challenges to those orders are moot.").

Dismissal is warranted pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff has already resolved the claims discussed in his complaint and therefore his complaint is moot. *See Abu Ali v. Gonzales*, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) ("As mootness creates a jurisdictional defect, respondents' motion will be treated as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1)").

### 1. The Administrative Judge's Order Issued on September 7th, 2007, did not Void or Vacate the 2007 Settlement Agreement.

On September 7, 2007, plaintiff, represented by counsel, signed the most recent settlement agreement in which he resolved:

> [A]ny and all actions (including but not limited to USDC of District of Columbia Civil No. 1:07-CV-00741) . . . against the Agency . . . which are now or hereafter may be asserted by him . . . on any action of any type, in any forum . . . and waives his right to pursue future causes of action against the Agency based on facts in existence as of the date of [plaintiff's] execution of this Agreement, with the exception of any claims that may arise by reason of alleged breach of any terms of this Settlement Agreement.

(Def.'s Ex. 2 [13-3] ¶ 1.) The agreement explicitly requires the plaintiff to withdraw the civil action before this Court. (*Id.*) Instead of complying with the agreement, the plaintiff argues that the administrative judge voided the agreement in an order dated September 6th, 2007. (Pl.'s Opp'n [11] at 3.) ("It is a fact that U.S. Merit System Protection Board Administrative Judge Elizabeth Bogle vacated and/or voided section 15 (e) [sic] and 15 (f) [sic] of the settlement agreement by issuing a dismissal order with prejudice . . . [t]he clear and plain language of the

settlement agreement derives that the contractual agreement time limitation demanded that the Plaintiffs [sic] appeal not be dismissed with prejudice.") But nowhere in the agreement does the condition that the plaintiff's appeal cannot be dismissed with prejudice appear. (*See* Def.'s Ex. A [8-2].) There is simply nothing on page five of the 2007 settlement agreement that "demanded that the Plaintiff's appeal not be dismissed with prejudice." (Pl.'s Opp'n [11] at 3.) To the extent plaintiff's contention may have any merit, the administrative judge's order explicitly provides plaintiff with a mechanism to contest compliance with the agreement. Specifically, the administrative judge stated in her order that "[i]f you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office." (Def.'s Ex. 1 [13-2] at 4.)

Furthermore, the plaintiff believes that by entering an order approving the settlement agreement on September 6, 2007, the administrative judge invalidated or voided sections 15(e) and 15(f) of the agreement. (Pl.'s Opp'n [11] at 3.) Sections 15(e) and 15(f) of the agreement provided plaintiff with twenty-one days to consider the agreement, and seven days to revoke the agreement. (Def.'s Ex. A. [8-2] at 5.) But the administrative judge's order did not invalidate those sections.

In her September 6, 2007 order, the administrative judge did not "vacate[ ] and/or void[ ]" the 2007 settlement agreement. In fact, the administrative judge merely stated that the agreement appeared lawful. (*See* Def.'s Ex. 1. [13-2] at 2.) In the September 6th order, the administrative judge explicitly found that she was "satisfied that [the agreement] is lawful on its face, that it was freely reached by the parties, and that the parties understand the terms of the

agreement." (Def.'s Ex. 1 [13-2] at 1.) Because the administrative judge did not invalidate or void the 2007 settlement agreement that plaintiff signed, he cannot rely on the September 6th order as a basis for arguing that the agreement is invalid.

Plaintiff initially signed the Settlement Agreement on August 24, 2007. (Def.'s Ex. 2 [13-3] at 7.) Thereafter, the parties made a minor amendment to the agreement, which was also submitted to the administrative judge. (Def.'s Ex. 3 [13-4] at 7.) Nothing in the administrative judge's order prevented plaintiff from exercising the rights contained in sections 15(e) or (f). (*See* Def.'s Ex. A. [8-2].) The plaintiff was free to exercise his rights under the agreement, but failed to do so. Indeed the plaintiff nowhere contends that he timely sought to exercise his rights under sections 15(e) or 15(f) and was not permitted to do so. Finally, the plaintiff does not contest that he voluntarily signed a settlement agreement in which he agreed to "waive and withdraw[]. . . ." the complaint filed in this action. (Def.'s Ex. A. [8-2] at 1.)

### 2. Even if the 2007 Settlement Agreement Were Void, Plaintiff Has Already Resolved His Claims in a 2004 Agreement.

The plaintiff resolved the wrongful termination claims in his complaint in a 2004 settlement agreement. Even if there was a doubt concerning the validity of the 2007 settlement agreement, the claims that plaintiff attempts to assert here in his complaint, which stem from events that occurred in 2003, were resolved by a prior an agreement, completed in 2004. (Def.'s Ex. 4 [13-5] at 4.) (signed February 5, 2004.) In this civil action, the plaintiff does not contest the validity of the 2004 settlement agreement. (*See* Compl. at 1.)

That agreement states that "[u]pon execution of this settlement agreement, the parties agree that the issues raised in this informed complaint (EEO complaint number 200N-2004-

2003103167) will not be used to initiate an EEO complaint, grievance and/or civil lawsuit." (Def.'s Ex. 4 [13-5] at 2.) Therefore the 2004 agreement effectively forecloses plaintiff from raising allegations concerning his alleged involuntary termination.

Finally, the plaintiff has not properly asserted claims pertaining to the settlement agreement before this Court. Specifically, he has not asserted that either agreement has been breached; the only claims which he has brought concern his allegedly involuntary resignation, a claim that was resolved by the 2004 settlement agreement.

When a party files a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), "the plaintiff[ ] bear[s] the burden of proving by a preponderance of the evidence that the Court has subject matter jurisdiction." *Biton v. Palestinian Interim Self-Gov't Auth.*, 310 F. Supp. 2d 172, 176 (D.D.C. 2004); *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (indicating that plaintiffs have the burden of establishing jurisdiction).

A court considering a motion to dismiss for lack of jurisdiction must construe plaintiff's complaint in plaintiff's favor, accepting all inferences that can be derived from the facts alleged. But this Court following *Thompson*'s rule finds that plaintiff's complaint cannot circumvent the issue of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The plaintiff's claim became moot when he signed, and the agency adhered to, the 2004 settlement agreement, because "the issues presented are no longer 'live'." *Albritton*, 944 F. Supp. at 974. Furthermore, the Court is not required to take a leap of faith and accept plaintiff's inferences that he was involuntarily terminated in 2003, when the facts in no way support that conclusion. *Rann*, 154 F. Supp. 2d at 64. Therefore, the Court finds that the plaintiff's claims are foreclosed by the original settlement agreement signed in 2004. Because the claims raised by the plaintiff are

moot, this court does not have jurisdiction; consequently, the defendant's motion [8] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

### III.    CONCLUSION

For the foregoing reasons and upon consideration of the motion, plaintiff's opposition, the reply, the entire record herein, and applicable law, the Court concludes that defendant's motion [8] to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) will be GRANTED.

A separate order shall issue this date.

Signed by Chief Judge Royce C. Lamberth, on August 27, 2008.